PEOPLE v HARDEN

Docket No. 82537. Decided March 20, 1990. Motion by the people for reconsideration of the order remanding the case for resentencing is denied.

Cary Harden was convicted by a jury in the Jackson Circuit Court of two counts of second-degree murder and one count of armed robbery, and, following a separate jury trial on a supplemental information, was additionally convicted of being a third offender. The court, Gordon W. Britten, J., sentenced the defendant to three concurrent terms of from 90 to 150 years, to be served consecutively to the terms that the defendant was already serving at the time he committed the offenses. The Court of Appeals, Hood, P.J., and Sawyer and T. E. Jackson, JJ., affirmed (Docket No. 94743). The Court of Appeals certified that its decision was in conflict with *People v Oscar Moore,* 164 Mich App 378 (1987), and the case was held in abeyance by the Supreme Court pending decision in *People v Timothy Moore,* 432 Mich 311 (1989). Thereafter, the case was remanded for resentencing in accordance with *Timothy Moore.* The defendant's application for leave to appeal was denied. The people move for reconsideration, arguing that *Timothy Moore* does not control.

In an opinion per curiam, signed by Chief Justice Riley and Justices Levin, Brickley, Cavanagh, Archer, and Griffin, the Supreme Court *held:*

The authority of the circuit court to impose sentences is not restricted by the fact that the sentences must be served consecutively. On remand, the circuit court must resentence the defendant in accordance with *Timothy Moore,* and may impose life terms of imprisonment or terms of years. If it chooses to sentence the defendant to terms of years, each term, examined independently, must be an indeterminate sentence less than life.

Consecutive sentencing was intended as enhanced punishment to deter certain criminal behavior. The circuit court's authority to impose sentences for second-degree murder, armed robbery, and being an habitual offender is not restricted by the fact that those sentences must be served consecutively, even though the cumulative length of the consecutive sentences may

exceed the maximum punishment allowable by law for any one of the offenses.

Justice BOYLE concurred in the result only.

Reconsideration denied.

166 Mich App 106; 420 NW2d 136 (1988) reconsideration denied.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Assistant Prosecuting Attorney, for the people.

*James R. Rinck* for the defendant.

PER CURIAM. In *People v Timothy Moore,* 432 Mich 311; 439 NW2d 684 (1989), we were asked whether a 100- to 200-year sentence could be imposed upon a person convicted of second-degree murder. We found that to be an illegal sentence.

This defendant was originally sentenced to terms of nearly the same length, and we remanded the case for resentencing in accordance with *Moore.* The prosecutor has moved for reconsideration, asking whether and how the legislative principles outlined in *Moore* are affected by the fact that other sentences, imposed earlier upon this defendant, must be served consecutively with and preceding the sentences to be imposed on remand.

This defendant must be resentenced in accordance with *Moore,* and we therefore deny the prosecutor's motion. However, we hold today that the circuit court's authority to impose sentences is not restricted by the fact that the sentences must be served consecutively.

On remand, the circuit court may impose life terms of imprisonment or terms of years. If the circuit court chooses to sentence the defendant to terms of years, each such term, examined independently, must be an indeterminate sentence less than life.

I

The defendant is one of two inmates who sneaked away from a Department of Corrections farm near the State Prison of Southern Michigan. They entered a nearby farmhouse, robbed a woman who lived there, and then killed her and her spouse. The inmates returned to the farm and went about their business as though nothing had happened.

At the conclusion of a jury trial, the defendant was found guilty of two counts of second-degree murder[1] and one count of armed robbery.[2] Following a separate jury trial on a supplemental information, the defendant was found guilty of being a third offender.[3]

The defendant, who was thought to be thirty-five years of age,[4] was sentenced to three terms of from 90 to 150 years in prison. These terms were to be served concurrently, but consecutively to the terms which the defendant was already serving at the time he committed these offenses.[5]

The Court of Appeals affirmed. 166 Mich App 106; 420 NW2d 136 (1988).

The Court of Appeals also certified to this Court that its decision conflicted with the decision of a different panel in *People v Oscar Moore,* 164 Mich App 378; 417 NW2d 508 (1987). The certified conflict concerned the legality of exceedingly long sentences of the sort imposed on this defendant.

---

[1] MCL 750.317; MSA 28.549.

[2] MCL 750.529; MSA 28.797.

[3] MCL 769.11; MSA 28.1083.

[4] The presentence report states that the defendant was thirty-five, and that his birthdate was May 19, 1950. However, the materials forwarded to this Court by the circuit court include a document that appears to be a photocopy of the defendant's birth certificate. It is dated May 19, 1960.

[5] The defendant was serving concurrent terms of from 15 to 30 years, and from 2 to 10 years, for armed robbery.

The defendant applied to this Court for leave to appeal. Noting the Court of Appeals certification of a conflict with *Oscar Moore,* we held the case in abeyance pending our decision in *Timothy Moore, supra.*[6]

After we decided *Timothy Moore,*[7] we remanded the present case to the trial court for resentencing in accordance with *Moore.* In all other respects, the defendant's application for leave to appeal was denied. 433 Mich 851 (1989).

The prosecutor has moved for reconsideration, arguing that "*Moore* does not control the present case."

## II

In *Moore,* the defendant had been convicted of second-degree murder[8] and possession of a firearm during the commission of that felony.[9] His sentence for murder was a term of from 100 to 200 years in prison. His sentence for felony-firearm was the mandatory two-year consecutive term of imprisonment.

The starting point for our analysis in *Moore* was the Legislature's determination that second-degree murder " 'shall be punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same.' " Thus, as we explained in *Moore,* "there are two types of sentences that a judge may impose upon a person convicted of second-degree murder—a sentence of life in prison, or a sentence of a term of years less than life." 432 Mich 317, 319. We fur-

---

[6] *People v Harden,* unpublished order of the Supreme Court, dated March 29, 1988 (Docket No. 82537).

[7] Hereafter, we shall refer to *Timothy Moore* simply as *Moore.*

[8] MCL 750.317; MSA 28.549.

[9] MCL 750.227b; MSA 28.424(2).

ther observed the Legislature's command that, if a judge chooses to impose a term of years as the punishment for second-degree murder, it must be an *indeterminate* term of years.[10] 432 Mich 319-321. And we noted the Legislature's decision that persons convicted of second-degree murder would eventually be eligible for parole. 432 Mich 321-326.

For those reasons, we concluded that a term of years "must be an indeterminate sentence less than life."[11] Put another way, a term of years "must be something that is reasonably possible for a defendant actually to serve." 432 Mich 329.

III

We have ordered that this defendant be resentenced in accordance with *Moore,* but the prosecutor asks us to reconsider. The prosecutor points out that the defendant's enhanced sentences for second-degree murder and armed robbery must be consecutive to the sentence that he already was serving when he left the prison facility to commit the crimes. MCL 768.7a(1); MSA 28.1030(1)(1).

As recounted above, *Moore* explained the Legislature's determination that a term of years must be an indeterminate sentence less than life—a sentence that is reasonably possible for a defendant actually to serve.[12] Since this defendant first must complete his previous sentence, the prosecutor believes that applying *Moore* in this case would lead to an absurd result. He suggests that the defendant's new consecutive sentences for

[10] MCL 769.9(2); MSA 28.1081(2).

[11] In a different form, we had enunciated this same principle about two years earlier in *People v Fleming,* 428 Mich 408, 427, n 24; 410 NW2d 266 (1987).

[12] Of course, this defendant's sentences are being imposed under MCL 769.11(1)(b), (2); MSA 28.1083(1)(b), (2). The effect of that language is, for present purposes, the same.

second-degree murder and armed robbery would have to be fairly short in order to allow the defendant's present sentences *and* the new consecutive sentences to be completed prior to the end of the defendant's life.

The prosecutor offers several hypothetical scenarios in which serious criminal behavior might have to be punished with short sentences, in order to permit a series of consecutive sentences to fit within a single lifetime.

IV

In *Moore,* we applied the principles stated by the Legislature. For the reasons that we found it necessary to order resentencing in *Moore,* it is also necessary that this defendant be resentenced. The fact that this defendant will be serving consecutive terms does not change the statutory penalties for the offenses of which he has been convicted.

The prosecutor asks how the principles outlined in *Moore* are to be affected by the statutory requirement that these sentences be consecutive. The answer has been provided by the Legislature, which has specifically authorized consecutive sentencing as *enhanced* punishment for the purpose of deterring certain criminal behavior. See *People v Chambers,* 430 Mich 217, 229; 421 NW2d 903 (1988), and *People v Henry,* 107 Mich App 632, 635; 309 NW2d 922 (1981).[13] Therefore the circuit court's authority to impose sentences for second-degree murder, for armed robbery, or for being an habitual offender is not restricted by the fact that those sentences must be served consecutively in

---

[13] These decisions concern MCL 768.7b; MSA 28.1030(2), but the general comments on the nature and purpose of legislatively mandated consecutive sentencing apply to MCL 768.7a; MSA 28.1030(1) as well.

accordance with MCL 768.7a(1); MSA 28.1030(1)
(1).[14]

The essence of consecutive sentencing is that
two or more sentences, each not exceeding the
maximum punishment allowable by law, are
placed end to end. The cumulative length of such
sentences can, obviously, exceed the maximum
punishment allowable by law for any one of the
offenses. Thus a person serving two consecutive
terms for assault with a dangerous weapon[15] (pun-
ishable by imprisonment for not more than four
years[16]) might be required to stay in prison more
than four years. And, because of criminal acts that
a defendant has chosen to commit, two or more
consecutive sentences, each of which is less than
life, may have the cumulative effect of assuring
that the remainder of the defendant's life will be
spent in prison. Such an outcome does not conflict
with the express will of the Legislature.

This is illustrated in *Moore* itself, where a two-
year term for felony-firearm was to be served
consecutively with and preceding the lengthy term

[14] We also observe that the consecutive-sentencing section applica-
ble to this defendant includes this language in subsection (3):

   The powers conferred upon the court by this section are
   supplementary to any other power conferred by law. [MCL
   768.7a(3); MSA 28.1030(1)(3).]

(When these offenses were committed and at the time of the original
sentencing, this passage was designated MCL 768.7a(2); MSA
28.1030(1)(2). The change was made in 1988 PA 48, which also effected
a stylistic change in the quoted language.)

   The Legislature's statement in MCL 768.7a(3); MSA 28.1030(1)(3) is
illustrative of the principles explained in this opinion, but is not the
basis of our decision today. Thus, our analysis today would be applica-
ble to consecutive sentences imposed under a statutory provision that
lacked language of the sort found in MCL 768.7a(3); MSA 28.1030(1)
(3), e.g., MCL 750.193(1), 750.227b, 768.7b; MSA 28.390(1), 28.424(2),
28.1030(2).

[15] MCL 750.82; MSA 28.277.

[16] MCL 750.503; MSA 28.771.

for second-degree murder. While the two-year term for felony-firearm did not delay the onset of Mr. Moore's sentence for second-degree murder to the extent that this defendant's sentences will be delayed, the same principles nevertheless applied. That is, the defendant in *Moore* was to be resentenced (if the judge chose to impose a term of years) to a term less than life, not a term less than life minus two years.

V

The prosecutor has moved for reconsideration of the order in which we remanded this case for resentencing in accordance with *Moore.* For the reasons stated in this opinion, the motion is denied.

On remand, the circuit court may impose life terms of imprisonment or terms of years. If the circuit court chooses to sentence the defendant to terms of years, each such term, examined independently, must be an indeterminate sentence less than life.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, ARCHER, and GRIFFIN, JJ., concurred.

BOYLE, J. I concur in the result only, inasmuch as the opinion holds that when imposing a sentence consecutive to one being served at the time of sentencing, the sentencing judge should calculate the length of the consecutive sentence with reference to the defendant's age at the time of sentencing.