PEOPLE v SZCZESNIAK

Docket No. 120491. Submitted June 6, 1990, at Detroit. Decided
    September 19, 1990.
    Richard Szczesniak pled nolo contendere in the Recorder's Court
        of Detroit, M. John Shamo, J., of one count of assault with
        intent to murder and of possession of a firearm during the
        commission of a felony pursuant to a plea agreement. Delivery
        of cocaine and four other counts of assault with intent to
        murder were dismissed. The court chose not to impose a sen-
        tence of ten to twenty-five years as indicated by the sentencing
        guidelines because it would run consecutive to a previously
        imposed thirty to forty-five year sentence and the cumulative
        sentence would exceed a period reasonably possible for the
        defendant to serve. Instead, the court deviated from the sen-
        tencing guidelines and imposed a sentence of five to fifteen
        years for the assault count and a consecutive term of two years
        for the felony-firearm count. The prosecution appealed.
    The Court of Appeals held:
    The prohibition against the imposition of a sentence which
        would exceed a period reasonably possible for a defendant to
        serve applies to individual sentences. It does not apply to
        otherwise proper sentences merely because when served consec-
        utively to another sentence the cumulative total of the two
        would exceed the maximum allowable punishment.
    Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training and Appeals, and *Carolyn
Schmidt,* Assistant Prosecuting Attorney, for the
people.

*Metry, Metry & Sanom* (by *Gilbert E. Metry*), for
the defendant on appeal.

Before: GRIBBS, P.J., and CAVANAGH and MARI-
LYN KELLY, JJ.

PER CURIAM. Defendant pled nolo contendere in Detroit Recorder's Court to one count of assault of a police officer with intent to murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), pursuant to a plea bargain. Under the terms of the agreement, one count of delivery of less than fifty grams cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and four counts of assault with intent to murder were dismissed.

In a separate action in the Macomb Circuit Court, defendant was convicted of assault with intent to murder and felony-firearm. He was sentenced in that case to consecutive terms of thirty to forty-five years and two years.

The Recorder's Court judge concluded that he could not sentence defendant to a prison term of ten to twenty-five years determined under the sentencing guidelines because of our Supreme Court's ruling in *People v Moore*, 432 Mich 311; 439 NW2d 684 (1989). As a result, the trial court deviated from the sentencing guidelines and imposed sentences of five to fifteen years and two years, to be served consecutive to the Macomb Circuit Court sentences.

On appeal by right, the people challenge the scoring of the sentencing guidelines and the trial court's ruling with respect to the applicability of *Moore.* We reverse and remand for resentencing.

First, plaintiff challenges the trial court's scoring of zero for offense variable No. 25, contemporaneous criminal acts. A sentencing judge has discretion in determining the number of points to be scored, provided there is adequate evidence to support a particular score. Where the established facts clearly do not permit the trial court's scoring to stand, the appellate court will intervene. *People v Reddish,* 181 Mich App 625, 628; 450 NW2d 16

(1989). Here, where defendant was originally charged with five contemporaneous crimes, there is no evidence to support a zero score for ov 25 .

Finally, subsequent to the sentencing in this case, our Supreme Court ruled that the trial court is not restricted by *Moore* when imposing consecutive sentences. *People v Harden,* 434 Mich 196; 454 NW2d 371 (1990). Although each sentence, examined independently, must comply with the dictates of *Moore,* the cumulative length of the sentences can exceed the maximum punishment allowable by law for any one of the offenses. Accordingly, the trial court incorrectly considered defendant's Macomb Circuit Court sentence when imposing sentence in this case.

Reversed and remanded.