PEOPLE v MARSHALL WARNER

Docket Nos. 121463, 121464. Submitted September 11, 1990, at Grand Rapids. Decided August 20, 1991, at 9:20 A.M.

Marshall Warner pleaded guilty in the Kent Circuit Court of delivery of less than fifty grams of Percodan, a controlled substance, and of armed robbery. The court, George S. Buth, J., sentenced the defendant to six to fifteen years' imprisonment for the armed robbery conviction, and Robert A. Benson, J., sentenced him to a consecutive sentence of six to twenty years' imprisonment for the controlled substance conviction. The defendant appealed each sentence separately, claiming that the sentences were excessive. The appeals were consolidated.

The Court of Appeals *held:*

The sentences imposed satisfy the test of proportionality announced in *People v Milbourn,* 435 Mich 630 (1990).

1. Because both sentences are within the sentencing guidelines, they are presumptively not excessively severe or unfairly disparate.

2. The fact that the sentences taken in the aggregate exceed the maximum sentence permitted for either offense does not alter the fact that each is within the maximum allowable.

Affirmed.

SHEPHERD, J., dissenting, stated that because the issue how the *Milbourn* proportionality test is to be applied to consecutive sentencing was not addressed either by the parties or by the trial court, the case should be remanded for a hearing regarding that issue.

SENTENCES — CONSECUTIVE SENTENCES — PROPORTIONALITY.

Where a defendant's consecutive sentences are challenged on appeal as excessive, each sentence is individually reviewed to determine whether it is proportionate to the seriousness of the offense for which it was imposed; the fact that two consecutive sentences, if taken in the aggregate, would exceed the maxi-

REFERENCES

Am Jur 2d, Criminal Law § 552; Robbery § 83.

See the Index to Annotations under Concurrent and Consecutive Sentences; Robbery; Sentence and Punishment.

.

mum allowable punishment for either offense does not make the sentences excessive as long as each sentence is proportionate to the seriousness of the crime for which it was imposed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*John E. Meeks,* for the defendant on appeal.

Before: MACKENZIE, P.J., and HOLBROOK, JR., and SHEPHERD, JJ.

HOLBROOK, JR., J. Defendant pleaded guilty of delivery of the controlled substance Percodan in an amount less than fifty grams, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and armed robbery, MCL 750.529; MSA 28.797. Defendant was sentenced to a term of six to twenty years' imprisonment for the controlled substance conviction and six to fifteen years for the armed robbery conviction, the sentences to be served consecutively. Defendant appeals as of right, alleging that the sentence should shock the conscience of this Court. We affirm.

In arguing that his sentence is excessive and should shock our judicial conscience, defendant creatively adds his two consecutive sentences together to arrive at a single sentence of twelve to thirty-five years, which he in turn argues is excessive. While the approach is novel, we believe each sentence must be viewed individually in determining whether it is an excessive sentence.

Our Supreme Court has set aside the "shock the conscience" standard enunciated in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), in favor of the principle of proportionality. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Briefly

stated, the principle of proportionality incorporates a consideration of the offender's criminal history and the seriousness of the crime involved. *Id.,* p 650. The sentencing guidelines are to be used in fashioning a proportionate sentence, because the "guidelines reflect the relative seriousness of different combinations of offense and offender characteristics." *Id.,* p 658. Thus, a sentence falling within the recommended guidelines range is still presumed to be neither excessively severe nor unfairly disparate. *People v Broden,* 428 Mich 343, 354; 408 NW2d 789 (1987). Both sentences in the case before us are within the guidelines range and are therefore presumptively appropriate. Standing alone, then, neither sentence offends the principle of proportionality.

The critical question is what effect does the consecutive nature of the sentences have on our application of the *Milbourn* standard. We conclude that it has no effect.

The purpose of consecutive sentencing is to deter persons charged with one felony from committing another while awaiting final disposition of the first. *People v Smith,* 423 Mich 427, 450; 378 NW2d 384 (1985). Neither of the sentences exceed the maximum sentence permitted by statute. The fact that they exceed the maximum allowable punishment for either of the offenses when viewed in the aggregate does not render them excessive. The consecutive nature of the sentences does not change the maximum statutory penalty for either of the offenses. See *People v Harden,* 434 Mich 196, 201; 454 NW2d 371 (1990).

Thus, we find that the sentences imposed on defendant are proportional. The fact that they are to be served consecutively does not render them violative of this principle.

Affirmed.

MACKENZIE, P.J., concurred.

SHEPHERD, J. *(dissenting)*. I dissent because I believe that this opinion is premature. The effect of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), on a consecutive sentence was not argued in the Court of Appeals or in the trial court, nor could it have been, because *Milbourn* was released almost simultaneously with the submission of this case to this Court. The issue is of sufficient importance that counsel for both sides and the trial court should have the opportunity to address it in a full hearing after briefs have been filed. I would remand for a hearing before the trial court so that this important issue can be addressed.