PEOPLE v DENIO

Docket No. 182499. Submitted December 20, 1995, at Detroit. Decided December 28, 1995, at 9:15 A.M. Leave to appeal sought.

Kimber D. Denio pleaded guilty in the Muskegon Circuit Court, R. Max Daniels, J., of conspiracy to deliver less than fifty grams of cocaine and conspiracy to deliver marijuana. He was sentenced to consecutive terms of imprisonment of three to twenty years and two to four years for the respective convictions. The defendant appealed by leave granted, alleging the court erred in imposing consecutive sentences.

The Court of Appeals *held*:

1. The trial court did err in imposing consecutive sentences. The portion of the judgment of sentence imposing consecutive sentences must be vacated and the matter must be remanded to the trial court for entry of a judgment of sentence providing that the sentences are to be served concurrently.

2. The defendant's sentences were imposed pursuant to the conspiracy statute, MCL 750.157a; MSA 28.354(1), not MCL 333.7401(3); MSA 14.15(7401)(3), a section of the controlled substance provisions of the Public Health Code. Because conspiracy is a separate substantive offense and the defendant's convictions were under the conspiracy statute, they were not offenses under the controlled substance provisions of the Public Health Code and therefore not subject to sentence enhancement under the controlled substance provisions, MCL 333.7401(3); MSA 14.15(7401)(3). The consecutive sentencing provisions of § 7401(3) apply only to the specific offenses listed in that statute, not to conspiracy convictions.

Vacated and remanded.

1. CONSPIRACY — SUBSTANTIVE OFFENSES.

Conspiracy is a substantive offense separate from the offense for which the defendant conspires.

REFERENCES

Am Jur 2d, Conspiracy §§ 5, 7-9; Criminal Law §§ 551, 552.

See ALR Index under Concurrent and Consecutive Sentences; Conspiracy.

2. CONSPIRACY — SENTENCES — CONTROLLED SUBSTANCES — CONSECU-
TIVE SENTENCES.

    A defendant convicted under the conspiracy statute of two counts
of conspiracy to deliver a controlled substance is not convicted
under the controlled substance provisions of the Public Health
Code and therefore is not subject to sentence enhancement
under the controlled substance provisions; the consecutive sen-
tencing provisions of MCL 333.7401(3); MSA 14.15(7401)(3) ap-
ply only to the specific offenses listed in § 7401(3), not to
conspiracy convictions (MCL 750.157a; MSA 28.354[1]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Tony Tague,* Prosecuting
Attorney, and *Kevin A. Lynch,* Senior Assistant
Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian,* for the defendant on
appeal.

Before: CAVANAGH, P.J., and SAWYER and R. L.
TEMPLIN,* JJ.

SAWYER, J. Defendant pleaded guilty of conspir-
acy to deliver less than fifty grams of cocaine,
MCL 750.157a; MSA 28.354(1), and conspiracy to
deliver marijuana, MCL 750.157a; MSA 28.354(1).
He was sentenced to consecutive terms of three to
twenty years in prison for the conspiracy to de-
liver cocaine conviction and two to four years in
prison for the conspiracy to deliver marijuana
conviction. He now appeals by leave granted, and
we vacate the portion of the judgment of sentence
imposing consecutive sentences and remand for
entry of a judgment of sentence providing that the
sentences are to be served concurrently.

    Defendant's only argument on appeal is that the
trial court erred in imposing consecutive sen-
tences. We agree. At issue is whether the trial
court was authorized to impose consecutive sen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tences under the provisions of MCL 333.7401(3); MSA 14.15(7401)(3), which authorizes the imposition of consecutive sentences for certain controlled substance offenses. That statute provides in pertinent part as follows:

> A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

Defendant argues that his sentences were not imposed pursuant to § 7401(2)(a) but were, instead, imposed pursuant to the conspiracy statute. The prosecutor, on the other hand, argues that the sentence imposed for the conspiracy to deliver cocaine conviction was in fact imposed under § 7401(2)(a) because the conspiracy statute, MCL 750.157a(1)(a); MSA 28.354(1)(a), provides that the sentence for conspiracy is determined by "a penalty equal to that which could be imposed if [defendant] had been convicted of committing the crime he conspired to commit." We agree with defendant.

Conspiracy is a substantive offense separate from the offense for which the defendant conspires. See *People v Briseno,* 211 Mich App 11, 18; 535 NW2d 559 (1995). *Briseno* did not consider the consecutive sentencing provisions of § 7401(3), but, instead, considered the sentence enhancement provisions of MCL 333.7413(2); MSA 14.15(7413)(2), which provide that an individual convicted of a second or subsequent offense under the controlled substance article may be subject to a prison term not more than twice that otherwise authorized. This Court concluded that the defendant was not subject to the sentence enhancement provisions of

§ 7413 because he was not convicted of a controlled substance offense, but was convicted of a conspiracy offense, albeit the conspiracy was to violate the controlled substance statute. Nevertheless, this Court reasoned that because conspiracy is a separate substantive offense and the defendant's conviction was under the conspiracy statute, it was not an offense under the controlled substance article and therefore not subject to the sentence enhancement provisions. *Briseno, supra* at 18.

This reasoning defeats the prosecutor's argument in this case, namely, that defendant is subject to the consecutive sentencing provisions because the conspiracy statute directs us to the same penalty as the underlying offense. If that argument were valid, then a different result should have been obtained in *Briseno,* since, under that reasoning, the defendant in *Briseno,* having been convicted of conspiracy, would be subject to the same penalty as for the underlying offense, which would have been subject to the sentence enhancement provisions of § 7413. But, just as the Court in *Briseno* concluded that § 7413 does not apply because it limits its scope to convictions under the controlled substance article, we must also conclude that the consecutive sentencing provisions of § 7401(3) do not apply to conspiracy convictions, but only to the specific offenses listed in that statute.

Furthermore, the provisions of § 7413 are instructive in that among the offenses listed in § 7413 as being subject to enhancement the Legislature included certain specific conspiracy offenses. This reflects the Legislature's awareness of the need to separately include conspiracy offenses under that statutory provision. Accordingly, we may presume that the Legislature intentionally left out conspiracy offenses when it drafted the consecutive sentencing provisions of § 7401(3). This is not an

irrational choice inasmuch as it is entirely conceivable that the Legislature did not believe that conspiracy convictions merited the same consecutive sentencing provisions that commission of the actual substantive offenses merited.

Finally, we also find support for this position in the Supreme Court's decision in *People v Jahner,* 433 Mich 490; 446 NW2d 151 (1989). In *Jahner,* the Court addressed the issue whether a defendant convicted of conspiracy to commit first-degree murder was eligible for parole. The Court rejected the argument that the conspiracy conviction was non-parolable because the penalty for conspiracy is the same as that for the underlying offense. Rather, the Court noted that conspiracy was a separate substantive offense and, because the provisions of the lifer law that rendered a sentence for first-degree murder nonparolable did not refer to conspiracy to commit first-degree murder, conspiracy was excluded from the scope of that provision of the statute and was, therefore, parolable. Rather, those offenses that are exceptions to the lifer law are those listed in the exceptions clause of the statute. *Id.* at 504. The same reasoning applies in this case: If the Legislature had intended that defendants convicted of conspiracy to commit certain controlled substance offenses should also be subject to sentencing under the consecutive sentencing provisions as well as under the substantive controlled substance offenses themselves, it could have said so. The fact that it did not excludes conspiracy offenses from the scope of the consecutive sentencing provisions of § 7401(3).

We vacate that portion of the judgment of sentence that provides that defendant's sentences are to be served consecutively and remand the matter to the circuit court with directions to enter a judgment of sentence reflecting that defendant's sentences are to be served concurrently.