547 N.W.2d 659 (1996)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Pedro Hernandez DIAZ, Defendant-Appellant.
Docket No. 97982, COA No. 142371.
Supreme Court of Michigan.
January 19, 1996.

ORDER
By order of August 3, 1994, the Court held the defendant's delayed application for leave to appeal in abeyance pending the Court's decision in People v. Morris (Docket No. 96606), People v. Hadley (Docket No. 97136), and People v. Moreau (Docket No. 98081). On order of the Court, the decision having been issued on August 22, 1995, 450 Mich. 316, 537 N.W.2d 842 (1995), the delayed application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
LEVIN, J., states as follows:
I would grant leave to appeal.

I
Defendant was convicted of two counts of delivery of less than 50 grams of a controlled substance. The judge sentenced him to consecutive prison terms of 5 to 20 years.
Defendant argues that the effective minimum sentence of 10 years is disproportionate to his conduct, in violation of People v. Milbourn, 435 Mich. 630, 461 N.W.2d 1 (1990). Although the Court of Appeals affirmed, two judges noted they did so only because they were constrained to do so by another panel's first-out decision in People v. Warner, 190 Mich.App. 734, 476 N.W.2d 660 (1991).

II
Milbourn was not only about legislative intent. The sentence imposed and struck down in that case was authorized by law; it *660 was beyond the suggested minimum, but not beyond the judge's authority. Milbourn, and its proportionality principle, should therefore be properly understood as an external proportionality limit on the trial court's discretion to sentence, even when the trial court is operating within the limits authorized by statute. Milbourn itself represents one situation in which this external check is importanta defendant who is less culpable in ways not reflected in the sentencing scheme. Consecutive sentences could be another.
This Court, in Milbourn, based its proportionality principle on the Legislature's manifested intent to punish more serious crimes and more serious criminals more severely. The sentences in this case run counter to that: although it is certainly possible in some cases, it is not categorically true that a defendant who is caught twice delivering 49 grams of cocaine is twice as dangerous a criminal as one who is caught only once. Experience informs that almost every defendant in a drug case has committed more than one single crime, even if he is only caught and convicted of one transaction. A man who passes a police officer while speeding is no greater a threat to society if the officer follows him for several miles while he exceeds the speed limit.
The defendant makes a persuasive argument on the basis of this practical observation. The rule considered here would give prosecutors nearly unbridled control over sentencing. A prosecutor could generally establish any minimum sentence desired by continuing a series of very low-level controlled purchases. Sentencing is traditionally the province of the Legislature and judiciary. The proliferation of plea bargaining has already shifted a much greater amount of control to prosecutors, and the Court of Appeals decision in this case would follow that dangerous trend.

III
The prosecutor's argument is clear and has obvious logical appeal. I believe, however, that there are sufficient concerns raised by this case that the effect of Morris should not be casually magnified. People v. Morris, 450 Mich. 316, 537 N.W.2d 842 (1995). The Court of Appeals decisions illustrate the tension between Morris and Milbourn that should be resolved by this Court. Other panels of the Court of Appeals have suggested that the rule followed by the Court of Appeals in the instant case is wrong, and the prosecutor joins in encouraging a grant of leave to appeal.
MARK J. CAVANAGH, J., concurs with the statement of LEVIN, J.