PEOPLE v HUGHES

Docket No. 182957. Submitted May 15, 1996, at Grand Rapids. Decided
      June 18, 1996, at 9:00 A.M. Leave to appeal sought.

   Clodoveo Hughes, Jr., was convicted by a jury in the Allegan Circuit
      Court, Harry A. Beach, J., of delivery of less than fifty grams of a
      substance containing cocaine and was sentenced as a second-time
      controlled substances offender to eight to forty years of imprison-
      ment, to be served consecutively to a ten-year prison term for con-
      victions in federal court of unlawful possession of marijuana and of
      conspiracy to possess with intent to deliver marijuana. The defend-
      ant appealed.

      The Court of Appeals held:

      1. The circuit court did not err in ordering that the state sentence
   run consecutively to the federal sentence. MCL 333.7401(3); MSA
   14.15(7401)(3) provides that a term of imprisonment imposed pur-
   suant to § 7401(2)(a) "shall be imposed to run consecutively with
   any term of imprisonment imposed for the commission of another
   felony." The term "another felony" must be liberally construed for
   the protection of the health, safety, and welfare of the people of
   this state and to give effect to the Legislature's intent to deter the
   commission of certain controlled substances offenses by mandating
   that sentences for those offenses be consecutive to sentences for
   other felonies. Accordingly, "another felony," as used in § 7401(3),
   means another felony under state law or federal law.

      2. The Penal Code definition of "felony" as an offense punishable
   by imprisonment in state prison, MCL 750.7; MSA 28.197, does not
   apply to this case because the defendant was prosecuted and con-
   victed under the Public Health Code, not the Penal Code.

      3. Where sentences are consecutive, the proportionality of each
   sentence generally must be assessed separately. Here, the propor-
   tionality of the sentence imposed by the federal court has been
   assessed by that court, and concerns about that sentence must be
   addressed to that court.

      4. Delay in the proceedings in the circuit court can be attributed
   to the defendant, not to the prosecutor. No merit lies in the defend-
   ant's claim that the prosecutor manipulated the circuit court pro-

ceedings to allow completion of the federal proceedings first so as to enable the circuit court to impose consecutive sentencing.

5. The record indicates that the circuit court was aware of its discretion with respect to sentencing, that the sentence imposed by the circuit court is proportionate, and that the conviction in the circuit court was supported by sufficient evidence.

Affirmed.

CONTROLLED SUBSTANCES — SENTENCES — CONSECUTIVE SENTENCING.

A term of imprisonment imposed for the unlawful manufacture, creation, delivery, or possession with intent to manufacture, create, or deliver a controlled substance must be imposed to run consecutively to any term of imprisonment imposed under state law or federal law for the commission of another felony (MCL 333.7401[2],[3]; MSA 333.7401[2],[3]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Frederick Anderson*, Prosecuting Attorney, and *Yvonne G. Dzialowski*, Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins*, for the defendant.

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

NEFF, J. Defendant was convicted by a jury of delivery of less than fifty grams of a substance containing cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Defendant was also charged as a second offender under MCL 333.7413(2); MSA 14.15(7413)(2). Defendant was sentenced to eight to forty years in prison, to run consecutively to a ten-year sentence he received in the federal court system. Defendant appeals his conviction and sentence as of right and we affirm.

I

After being arrested for the instant charge, defendant was released from custody. Less than a month

after being released, defendant was arrested by federal agents for unlawful possession of marijuana and conspiracy to possess with intent to deliver marijuana. The federal case came to trial first and defendant was sentenced to a minimum ten-year prison term.

II

Defendant first argues that the trial court erred in ordering his sentence in this matter to run consecutively to his federal sentence. We find no error in the trial court's ruling.

This issue requires this Court to consider MCL 333.7401(3); MSA 14.15(7401)(3), which provides in pertinent part:

> A term of imprisonment imposed pursuant to subsection (2)(a) . . . shall be imposed to run consecutively with any term of imprisonment imposed for the commission of *another felony*. [Emphasis added.]

Defendant raises a number of arguments to support his contention that "another felony" in this statute refers only to felonies under state law.

A

Defendant argues that a narrow definition of "another felony" is required because previous case law has held that a court must have express authority to order consecutive sentences and because penal statutes are to be strictly construed.

This argument raises a question of statutory construction. The goal of statutory construction is to effect the intent of the Legislature. *People v Morris*, 450 Mich 316, 325; 537 NW2d 842 (1995). In its opin-

ion in *Morris*, our Supreme Court recently construed the definition of "another felony" in § 7401(3) and found that it is to be liberally construed for the protection of the health, safety, and welfare of the people of this state. *Id.* at 326-327. The Court then looked to the intent of the Legislature when enacting § 7401(3), and determined that the provision is intended to deter commission of certain controlled substance offenses by mandating that sentences imposed for the enumerated drug crimes run "consecutively to sentences imposed for other felonies." *Morris, supra* at 327. Thus, according to the Michigan Supreme Court, a broad interpretation of § 7401(3) is warranted absent a convincing indication by the Legislature to the contrary or a convincing argument that a limited application would further the goal of the statute. *Morris, supra* at 327.

We find no indication by the Legislature that it meant to limit the definition of "another felony" to only state-law crimes. Further, we fail to see how limiting the scope of the definition of "another felony" to only state crimes would further the legislative intent of deterring the commission of the enumerated drug crimes. Quite to the contrary, we conclude that including federal felonies fits well within this legislative intent.

B

Defendant next argues that the definition of felony in the Michigan Penal Code, MCL 750.1 *et seq.*; MSA 28.191 *et seq.*, should be used to determine the scope of the definition of "another felony" in § 7401(3). MCL 750.7; MSA 28.197 provides:

> The term "felony" *when used in this act,* shall be construed to mean an offense for which the offender, on conviction may be punished by death, or by imprisonment in state prison. [Emphasis added.]

Contrary to defendant's argument, however, this statute specifically provides that the definition provided therein applies to that act only, and the statutory provision in question here is not part of that code, but part of the Public Health Code. MCL 333.1101 *et seq.*; MSA 14.15(1101) *et seq.* Thus, the definition of felony in the Michigan Penal Code does not control this case. Further, as noted above, such a restrictive definition would run contrary to the legislative intent of § 7401(3).

Construing the definition of felony to include federal felonies is also consistent with our Supreme Court's holding in *Morris, supra* at 337, that the definition of "another felony" in § 7401(3) is to include "any felony for which the defendant has been sentenced either before or simultaneously with the controlled substance felony enumerated in § 7401(3) for which a defendant is currently being sentenced."

C

Defendant next argues that allowing state courts to order sentences to run consecutively to federal sentences would potentially violate the principle of proportionality. See *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Defendant correctly points out that when a court orders that sentences run consecutively, the court must generally determine whether each individual sentence is proportionate regardless of the consecutive nature of the sentences. See *People v Clark,* 207 Mich App 500, 502; 526 NW2d 357 (1994).

From this statement of law, defendant argues that because the state court cannot pass on the sentence imposed by the federal court, it cannot determine the proportionality of each individual sentence, and thus the rule of proportionality could be violated.

This argument, however, goes too far. Because the previous sentence has already been imposed, the proportionality determination regarding that sentence has already been made. If defendant's federal sentence is illegal, he may address that concern in the federal courts. FR App P 4(b). Further, were we to follow defendant's suggestion, then a state court would also be barred from ordering a sentence to run consecutively to a state sentence ordered by another state court. As a general rule, a defendant may not collaterally attack a sentence imposed in an unrelated matter. MCR 6.508(D). We are convinced that all that is required is for the trial court to determine that the sentence in the case before it is proportionate.

D

Finally, defendant argues that his sentence is invalid because the prosecutor manipulated the trial in this matter by allowing the federal case to proceed first in order to afford the state court the opportunity to order his sentence to run consecutively to his federal sentence.

Defendant, however, failed to prove that the delays in this case were due to the prosecutor. Indeed, the sentencing record reflects that the state trial was delayed at the behest of defendant's initial trial counsel. This Court will not allow defendant to harbor error as an appellate parachute. See *People v Barclay*, 208 Mich App 670, 673; 528 NW2d 842 (1995). Further,

defendant never made a request for a speedy trial, and his trial began approximately nine months after his arrest. We find no error. See *People v Simpson*, 207 Mich App 560, 563-564; 526 NW2d 33 (1994).

E

We conclude that the trial court is empowered by § 7401(3) to order a state sentence to run consecutively to a sentence imposed for any other felony, including federal felonies.

III

We will briefly address defendant's remaining issues.

A

Although defendant argues that the trial court erred in failing to recognize its discretion in sentencing defendant, the sentencing transcript demonstrates that the trial court was aware of its discretion.

B

Defendant next argues that his eight-year minimum sentence violates the principle of proportionality. In light of the circumstances surrounding this offense and the offender, we disagree. *People v Gatewood (On Remand)*, 216 Mich App 559; 550 NW2d 265 (1996).

C

Finally, we disagree with defendant's assertion that insufficient evidence existed to support his conviction. As defendant notes, this Court will generally not overturn a conviction on the basis of the credibility of a witness, and we decline to do so in this case. See

*People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993).

Defendant's conviction and sentence are affirmed.