PEOPLE v FEAZEL

Docket No. 181072. Submitted September 5, 1996, at Lansing. Decided
November 1, 1996, at 9:10 A.M.

Douglas A. Feazel pleaded guilty in the Eaton Circuit Court, G.
Michael Hocking, J., of conspiracy to deliver less than fifty grams
of cocaine and aiding and abetting the delivery of less than fifty
grams of cocaine. He was sentenced to two to twenty years' impris-
onment and three to twenty years' imprisonment for the respective
convictions. The sentence for the aiding and abetting conviction
was ordered to be served consecutively to the sentence for the
conspiracy conviction, and the sentence for the conspiracy convic-
tion was ordered to be served consecutively to other sentences
that the defendant was already serving for convictions in the Isa-
bella Circuit Court. The defendant appealed.

The Court of Appeals *held*:

1. This matter must be remanded to the trial court for considera-
tion of the defendant's allegation that the double jeopardy prohibi-
tion was violated when he was subjected to successive prosecu-
tions in the Isabella and Eaton Circuit Courts. The trial court
should determine whether there were separate transactions to sup-
port the charges brought in both circuit courts.

2. The sentences are proportionate.

3. The trial court erred as a matter of law in ordering the defend-
ant to serve the sentence for his conspiracy conviction consecu-
tively to the sentences for the convictions in the Isabella Circuit
Court. The portion of the judgment of sentence requiring the
defendant's sentence for conspiracy to be served consecutively to
his sentences from the Isabella Circuit Court must be vacated. The
defendant must serve his sentence from the Eaton Circuit Court for
his aiding and abetting delivery conviction consecutively to the sen-
tence for his conspiracy conviction, but the sentence for the con-
spiracy conviction must be served concurrently with the sentences
from the Isabella Circuit Court.

Affirmed in part, vacated in part, and remanded.

MARKMAN, P.J., concurring, stated that the trial court was correct
in imposing a consecutive sentence, but Administrative Order 1996-

4 requires that the case be remanded for vacation of the consecutive drug delivery and drug conspiracy sentences on the basis of *People v Denio*, 214 Mich App 647 (1995), even though *Denio* was wrongly decided. *Denio*, which held that the consecutive sentencing provisions of MCL 333.7401(3); MSA 14.15(7401)(3) do not apply to conspiracy convictions, but only to the specific offenses enumerated in that statute, failed to give full effect to the language in § 7401(3) that expressly provides for consecutive sentencing when a "term of imprisonment" is imposed under the controlled substances act. Section 7401(3) does not require that a defendant be "convicted" under the controlled substances act, but only that the term of imprisonment be "imposed pursuant" to one of the enumerated statutes. The Legislature did not limit the application of § 7401(3) to convictions for controlled substance offenses. Section 7401(3) is broadly worded to extend to conspiracy convictions where the underlying offense is one of the enumerated drug crimes.

1. CRIMINAL LAW — DOUBLE JEOPARDY — "SAME TRANSACTION" TEST.

Michigan courts employ the "same transaction" test in analyzing claims of double jeopardy in cases involving successive prosecutions; where the crimes at issue involve specific criminal intent as an element, the prosecutor is required to join at one trial all charges that grow out of a continuous time sequence and demonstrate a single intent and goal, and there must be a direct, factual connection between the crimes, not merely temporal happenstance; where one or more of the crimes do not involve a specific criminal intent as an element, the test focuses on whether the offenses were part of the same criminal episode and whether the offenses involve laws intended to prevent the same or a similar harm or evil, rather than substantially different harms or evils.

2. SENTENCES — CONSECUTIVE SENTENCES — PROPORTIONALITY.

Each of a defendant's consecutive sentences challenged on appeal as excessive is individually reviewed to determine whether it is proportionate; the reviewing court may not review the length of the sentences together to decide if the principle of proportionality was violated.

3. SENTENCES — CONSPIRACY — CONSECUTIVE SENTENCES — CONTROLLED SUBSTANCES.

The consecutive sentencing provisions of MCL 333.7401(3); MSA 14.15(7401)(3) apply only to the specific offenses listed in § 7401(3), not to conspiracy convictions; a defendant convicted under the conspiracy statute of conspiracy to deliver less than fifty

grams of cocaine may not be sentenced to serve the sentence consecutively to another sentence the defendant is already serving for a conviction of delivering cocaine (MCL 333.7401[2][a][iv], 750.157a; MSA 14.15[7401][2][a][iv], 28.354[1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey L. Sauter*, Prosecuting Attorney, and *William M. Worden*, Senior Assistant Prosecuting Attorney, for the people.

*H. Eugene Bennett*, for the defendant.

Before: MARKMAN, P.J., and MCDONALD and M. J. MATUZAK,* JJ.

PER CURIAM. Defendant pleaded guilty of conspiracy to deliver less than fifty grams of cocaine, MCL 750.157a; MSA 28.354(1), MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and aiding and abetting the delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). He was sentenced to the respective terms of two to twenty years' and three to twenty years' imprisonment. Defendant's second sentence was ordered to run consecutively to the first sentence, and the first sentence was ordered to run consecutively to sentences that defendant was already serving for convictions in Isabella County. Defendant appeals as of right. We vacate defendant's sentence in part and remand this matter to the trial court for further proceedings.

The offenses in this case occurred on September 15, 1993, in Delta Township, Eaton County. At the plea hearing, defendant admitted that he had supplied cocaine to a man named Schafer while the two men

---

* Circuit judge, sitting on the Court of Appeals by assignment.

were at defendant's house in Isabella County. Defendant gave Schafer approximately thirteen grams of cocaine and received $800 in return. Schafer then took the cocaine to a party in Eaton County with the intention of giving it to someone else. At the time defendant sold Schafer the cocaine, he knew that Schafer intended to take the cocaine to share with or deliver to the third person in Eaton County. The court found that defendant's admissions were sufficient to accept defendant's pleas regarding the charges of conspiracy to deliver cocaine and aiding and abetting the delivery of less than fifty grams of cocaine.

Defendant first argues on the basis of principles of double jeopardy that it was error for the trial court to accept his guilty pleas in this case. Defendant argues that he was subjected to successive prosecutions arising out of a single transaction because he had already been convicted in Isabella County as a result of the same incident that supported his convictions in Eaton County in the instant case. Because it is not clear if there were facts sufficient to support separate charges in both Isabella County and Eaton County, we remand this matter to the trial court for further proceedings.

Defendant's guilty pleas did not waive his right to raise this issue on appeal. *People v Spicer*, 216 Mich App 270, 272; 548 NW2d 245 (1996). Although the trial court discussed the double jeopardy issue at sentencing, defendant decided to plead guilty before the court ruled on his motion to dismiss, in which he alleged a double jeopardy violation. In spite of the fact that this issue was not properly argued before the trial court, we will address it for the first time on appeal because a significant constitutional issue is

presented. *People v Lugo*, 214 Mich App 699, 705; 542 NW2d 921 (1995).

The double jeopardy provisions of the federal and state constitutions protect a defendant from twice being placed in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *People v Sturgis*, 427 Mich 392, 398-399; 397 NW2d 783 (1986). In this case, defendant's argument focuses on the protection against successive prosecutions for the "same offense" under Michigan's Constitution.[1] One of the primary purposes of the protection against successive prosecutions is to protect defendants from overreaching by the prosecution. *Id.*

Michigan applies the "same transaction" test where there are successive prosecutions. *People v McMiller*, 202 Mich App 82, 85; 507 NW2d 812 (1993). Under the "same transaction" test, the prosecutor is required to join at one trial all charges that grow out of a "continuous time sequence" and that demonstrate "a single intent and goal" when the crimes at issue involve specific criminal intent as an element. *Crampton v 54-A Dist Judge*, 397 Mich 489, 501-502; 245 NW2d 28 (1976); *Spicer, supra* at 272. Where one or more of the offenses do not involve a specific criminal intent as an element, the test focuses on whether the offenses were part of the same criminal episode and whether the offenses involve laws intended to prevent the same or a similar harm or evil, rather than substantially different harms or evils. *Crampton, supra* at 502; *People v Ainsworth*, 197 Mich App 321, 323; 495 NW2d 177 (1992).

---

[1] "It is clear . . . that the term 'same offense' applies to overlapping conduct that violates more than one statute." *Sturgis, supra* at 399.

The crimes charged in both counties all involved specific intent requirements. *People v Jackson*, 153 Mich App 38, 46; 394 NW2d 480 (1986). Therefore, defendant was required to show that the crimes in Isabella and Eaton Counties grew out of a continuous time sequence and demonstrated a single intent and goal. *People v Hunt (After Remand)*, 214 Mich App 313; 542 NW2d 609 (1995). There must be a direct, factual connection between the crimes, not merely temporal happenstance. *Jackson, supra* at 46.

In the area of controlled substance offenses, there have been several opinions of this Court that have addressed whether multiple drug transactions supported separate charges against a defendant in successive prosecutions. In *People v Martinez*, 58 Mich App 693, 694-695; 228 NW2d 523 (1975), this Court held that two deliveries of heroin to the same undercover police officer during the same investigation were not part of a single transaction when the deliveries occurred nine days apart and the amounts of drugs involved were substantially different. There also was no evidence that the deliveries were otherwise related.

In *People v Cuellar*, 76 Mich App 20, 21-23; 255 NW2d 755 (1977), this Court again found that the evidence supported finding that there were separate drug transactions. The evidence showed that the defendant intended to make several small sales of heroin, not one large sale. Further, the defendant intended to deliver different quantities of heroin in each transaction. Because the two deliveries were independent transactions and complete in themselves, the double jeopardy prohibition did not bar the subsequent prosecution in that case. *Id.* at 23.

In *People v Edmonds*, 93 Mich App 129, 133; 285 NW2d 802 (1979), the defendant was involved in two sales of heroin to the same informant on the same day. One sale occurred in the morning and the other occurred in the afternoon. This Court found that there was no double jeopardy violation when the record did not show any connection between the sales, such as an agreement after the first sale to return for another sale. *Id.* at 134.

This Court's analysis of the double jeopardy issue in *Jackson, supra* at 49-51, is especially instructive. The defendant was charged with both delivery of marijuana and possession of marijuana with intent to deliver. *Id.* at 46. This Court rejected the defendant's argument that the two charged offenses were actually only one single transaction, although the offenses occurred on the same day. The defendant delivered one quantity of marijuana to an informant while the defendant kept an additional quantity for himself to distribute to other customers. There was no evidence linking the marijuana found in the defendant's home with the drugs he had provided to the informant. The Court believed that, while the transactions were committed concurrently, the facts did not involve a continuous time sequence of criminal activity. Even if the delivery of marijuana to the informant may have flowed from the defendant's possession of marijuana with the intent to deliver, the charged offenses were not so intertwined as to amount to a single criminal episode requiring that the charges be joined at one trial. *Id.*

In the instant matter, the record in support of each of the cases against defendant is unclear. In the case

in Eaton County, defendant was charged with supplying drugs to Schafer to deliver to someone else. Defendant aided and abetted the delivery of the drugs to that third person through Schafer. However, in Isabella County, defendant apparently was also charged with delivering cocaine to Schafer directly. It is unclear whether defendant may have been charged twice in these two counties with delivering the same quantity of cocaine to Schafer or whether there were multiple transactions between Schafer and defendant. Nor is it clear how much cocaine defendant actually delivered to Schafer in each case and whether separate transactions and separate quantities of drugs were involved. Further, it is unclear if defendant was charged in Isabella County with possession with intent to deliver cocaine for a quantity of drugs defendant kept for his own customers rather than for delivery to Schafer. See *Jackson, supra* at 49-51.

Because the facts supporting the charges in both counties are unclear, we are remanding this matter to the trial court for a hearing regarding whether there were separate transactions to support the charges brought against defendant in both counties. The court should clarify what facts supported the charges in each county and revisit the issue whether these transactions violate the "same transaction" test after both parties have had the opportunity to develop a record regarding this issue. See *People v Mezy*, 453 Mich 269, 277, 288; 551 NW2d 389 (1996) (opinions of WEAVER, J., and BRICKLEY, C.J.) (after a defendant meets his initial burden in establishing a prima facie, nonfrivolous claim of double jeopardy, the burden shifts to the prosecution to demonstrate by a preponderance of

the evidence why double jeopardy principles do not bar prosecution).

Defendant next argues that his sentences are disproportionate under *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). However, his argument regarding the disproportionality of his sentences is premised solely on the fact that his sentences in this case and in Isabella County will all run consecutively. Where a defendant receives consecutive sentences, this Court may not review the length of the sentences together to decide if the principle of proportionality was violated, but each sentence must be reviewed separately. *People v Warner*, 190 Mich App 734, 736; 476 NW2d 660 (1991). Because defendant has not offered any other argument regarding why his sentences are disproportionate, his sentences do not violate the principle of proportionality.

Finally, defendant argues that the trial court erred as a matter of law in ordering him to serve his sentence for conspiracy to deliver cocaine consecutively to the sentences he received in Isabella County. We agree. In *People v Denio*, 214 Mich App 647, 651; 543 NW2d 66 (1995), lv gtd 451 Mich 897 (1996), this Court expressly held that drug conspiracy offenses were excluded from the scope of the consecutive sentencing provisions of MCL 333.7401(3); ˙MSA 14.15(7401)(3). Therefore, defendant's sentences for those offenses should have been imposed to run concurrently.

On the facts of this case, we must vacate the trial court's decision to sentence defendant to a consecutive term for conspiracy to deliver cocaine. Defendant is not required to serve his sentence for conspiracy consecutively to the sentences from Isabella County.

Rather, the conspiracy sentence will run concurrently with the sentences from Isabella County, but defendant still must serve his sentence for delivery of cocaine in this case consecutively to the conspiracy sentence.

We vacate that portion of the judgment of sentence that provides that defendant's sentence for conspiracy is to be served consecutively to his sentences from Isabella County. On remand, the trial court is ordered to enter a judgment of sentence reflecting that this sentence is to be served concurrently with the sentences from Isabella County. We also remand this matter to the trial court for a hearing regarding defendant's double jeopardy claim consistent with this opinion. We do not retain jurisdiction.

Affirmed in part, vacated in part, and remanded.

MARKMAN, P.J. (*concurring*). I concur with the majority opinion in its entirety but write separately with regard to the issue of defendant's consecutive sentences for drug delivery and drug conspiracy because I believe that existing case law in Michigan is wrongly decided.

Defendant's sentence for conspiracy to deliver cocaine in this case was ordered to run consecutively to the sentences from Isabella County because the trial court believed it was a major controlled substance offense under MCL 761.2; MSA 28.843(12). For this reason, the trial court believed that the consecutive sentencing provision found in MCL 333.7401(3); MSA 14.15(7401)(3) applied. MCL 761.2; MSA 28.843(12) provides as follows:

As used in this act, "major controlled substance offense" means either or both of the following:

(a) A violation of section 7401(2)(a) of the public health code, Act No. 368 of the Public Acts of 1978, being section 333.7401 of the Michigan Compiled Laws.

(b) A violation of section 7403(2)(a)(i) to (iv) of Act No. 368 of the Public Acts of 1978, being section 333.7403 of the Michigan Compiled Laws.

(c) Conspiracy to commit an offense listed in subdivision (a) or (b).

Thus, the trial court was correct that, pursuant to MCL 761.2; MSA 28.843(12), conspiracy to deliver cocaine is a "major controlled substance offense." However, it is MCL 333.7401(3); MSA 14.15(7401)(3) that controls the issue whether consecutive sentencing was available in this case.

MCL 333.7401(3); MSA 14.15(7401)(3) provides in relevant part as follows:

A term of imprisonment imposed pursuant to subsection (2)(a) [MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a)] or section 7403(2)(a)(i), (ii), (iii), or (iv) [MCL 333.7403(2)(a)(i), (ii), (iii), or (iv); MSA 14.15(7403)(2)(a)(i), (ii), (iii), or (iv)] shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

Although I believe the trial court was correct in imposing a consecutive sentence in this case, I am constrained to join the majority in reversing the trial court's decision because of a recent decision of this Court.

In *People v Denio*, 214 Mich App 647, 650-651; 543 NW2d 66 (1995), lv gtd 451 Mich 897 (1996), a panel of this Court held that because a conviction of conspiracy to deliver a controlled substance is not imposed under the controlled substances act, consecutive sentencing under § 7401(3) was not available in

that case when the defendant was convicted of conspiracy to deliver less than fifty grams of cocaine. The panel held that the consecutive sentencing provisions of § 7401(3) do not apply to conspiracy convictions, but only to the specific offenses included in that statute. *Denio, supra* at 650. I respectfully believe that *Denio* was wrongly decided.

I agree with the general principle that there is a difference between the crime of conspiracy and the commission of the underlying offense. However, when an individual is convicted of conspiracy, the punishment imposed is the same as if the underlying crime were completed. MCL 750.157a(a); MSA 28.354(1)(a). *People v Jahner*, 433 Mich 490, 494-495; 446 NW2d 151 (1989). The underlying criminal statute is referred to for the type of punishment and what term of imprisonment should be imposed. A sentence for a conspiracy conviction is therefore imposed pursuant to the statute for the underlying offense.

Section 7401(3) expressly provides for consecutive sentencing when a "term of imprisonment" is imposed under the controlled substances act. Section 7401(3) does not require that a defendant be "convicted" under the controlled substances act, but only that the term of imprisonment be "imposed pursuant" to one of the enumerated statutes. I believe this language is significant in expressing the Legislature's intent. Because a sentence for conspiracy is essentially equivalent to a sentence for the underlying offense, it is significant that the Legislature did not limit the application of § 7401(3) to only *convictions* imposed for the named controlled substance offenses, but expressly made reference to the *sentence* imposed.

The panel in *Denio, supra* at 649, placed its reliance on *People v Briseno*, 211 Mich App 11, 18; 535 NW2d 559 (1995), as its primary authority for concluding that consecutive sentencing was not available. However, the panel in *Denio* failed to recognize that there are significant differences in the language of MCL 333.7413(2); MSA 14.15(7413)(2) (which was at issue in *Briseno*), and the language found in § 7401(3). Section 7413(2) expressly provides for enhanced sentencing when "an individual [is] *convicted* of a second or subsequent offense under this article" in reference to the controlled substances act. (Emphasis added.) Thus, the statute in *Briseno* clearly referenced the actual offense for the conviction and not the sentence. I believe that the differences between the language of these two statutes was not accorded sufficient weight by the panel in *Denio*.

The goal of statutory construction is to effect the intent of the Legislature. *People v Morris*, 450 Mich 316, 325; 537 NW2d 842 (1995). The meaning intended by the Legislature is to be found in the terms and arrangement of the particular statute. The terms used in the statute should be read in their natural and ordinary sense. *People v Jones*, 217 Mich App 106, 107; 550 NW2d 844 (1996). I am convinced that the panel in *Denio* failed to give full effect to the actual language of § 7401(3) in deciding if consecutive sentencing under that statute was applicable to convictions involving conspiracies to commit any of the enumerated drug offenses. The Legislature, by its plain terms, did not limit the application of that section to convictions for controlled substance offenses. Section 7401(3) is broadly worded to extend to conspiracy convictions where the underlying offense is one of

the enumerated drug crimes.[1] For this reason, *Denio* was wrongly decided, in my judgment, but must be followed because we are constrained to do so by Administrative Order No. 1996-4.

Therefore, I would remand for vacation of the consecutive drug delivery and drug conspiracy sentences but only because of our obligations under the administrative order.

---

[1] While § 7401(3) is not part of the Code of Criminal Procedure, but rather a part of the Public Health Act, it is apparent, on the basis of MCL 761.2; MSA 28.843(12), that the Legislature, in general, intended conspiracy convictions to be treated as severely as substantive drug offenses. By including conspiracy convictions within the ambit of § 7401(3), MCL 761.2; MSA 28.843(12) can be harmonized with § 7401(3). *People v Hughes*, 217 Mich App 242, 246; 550 NW2d 871 (1996).