PEOPLE v BRISENO

Docket No. 150959. Submitted April 4, 1995, at Grand Rapids. Decided May 19, 1995, at 9:50 A.M.

Amador Briseno was convicted in the Ottawa Circuit Court, Wesley J. Nykamp, J., of conspiracy to deliver marijuana. The court enhanced his sentence pursuant to MCL 333.7413(2); MSA 14.15(7413)(2) and sentenced him to four to eight years of imprisonment. The defendant appealed.

The Court of Appeals held:

1. The trial court did not err in ruling that the prosecution had exercised due diligence in attempting to locate one of the other men involved in the conspiracy and that because the man was unavailable at the trial, his prior recorded testimony could be admitted. The authorities were not required to exhaust all means of locating the man, but had a duty only to exercise a reasonable, good-faith effort to locate him. The defendant did cross-examine the man at the preliminary examination where the testimony was given.

2. The court did not err in admitting the defendant's statements regarding his ownership of the boat where the marijuana was stored and certain seized money.

3. The defendant received effective assistance of counsel.

4. The trial court's application of the enhancement provision to the defendant's sentence was improper because the provision applies to a "subsequent offense under this article" and the defendant's subsequent conviction was under the conspiracy statute, which is not an offense under the article that contains the enhancement provision. The conviction is affirmed, but the case must be remanded for imposition of a sentence that is not enhanced.

Affirmed and remanded.

SENTENCES — CONTROLLED SUBSTANCES — HABITUAL OFFENDERS — ENHANCED SENTENCES.

A defendant with a previous conviction of possession with intent

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6, 14.

See ALR Index under Habitual Criminals and Subsequent Offenders.

to deliver marijuana who is convicted of conspiracy to deliver marijuana may not be sentenced to an enhanced sentence under the statute in the controlled substances provisions of the Public Health Code that provides for an enhanced sentence for "an individual convicted of a second or subsequent offense under this article"; the statute sets forth specific conspiracy convictions that may form the basis for enhancement of a sentence for a subsequent offense and enhancement is not appropriate for a conviction for a conspiracy not specified in the statute (MCL 333.7413[2]; MSA 14.15[7413][2]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Gregory J. Babbitt*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for the defendant on appeal.

Before: HOOD, P.J., and MACKENZIE and T. R. THOMAS,* JJ.

PER CURIAM. Defendant appeals as of right his conviction of conspiracy to deliver marijuana, MCL 750.157a, 333.7401(2)(c); MSA 28.354(1), 14.15(7401)(2)(c). Defendant was sentenced to four to eight years of imprisonment. Defendant's sentence was enhanced pursuant to MCL 333.7413(2); MSA 14.15(7413)(2). We affirm defendant's conviction but remand for reconsideration of the enhancement of defendant's sentence.

Defendant was involved with at least two other men in a conspiracy to deliver marijuana between Texas and Michigan. After Ernesto Gonzalez was stopped in Illinois for a traffic violation on January 24, 1991, police seized marijuana from his car. Illinois police informed a special agent with the drug enforcement agency office in Grand Rapids that Gonzalez was willing to cooperate with law

---

* Circuit judge, sitting on the Court of Appeals by assignment.

enforcement officials, and a controlled delivery was arranged.

Gonzalez had made several trips between Texas and Illinois in 1990 and 1991. Following his arrest and agreement to work with the police, Gonzales telephoned Tim Miller to inform him that he had arrived from Texas with marijuana. Miller met Gonzalez at the hotel where Gonzalez had been taken by the police, and the two men took the car that Gonzalez had driven from Texas and drove to a storage unit. Although on prior occasions Gonzalez would take his vehicle to Miller's garage, on this occasion the car was put into a storage facility because Miller already had a car in his garage. The marijuana was concealed in a special bumper. Miller told Gonzalez to wait for a telephone call.

Miller testified at the preliminary examination that on January 24, 1991, a car arrived from Texas and was stored in his garage. Miller removed the marijuana from the bumper of the car. The marijuana was weighed by Miller and defendant, and most of it was put into a boat that defendant had stored in Miller's garage. Defendant left with some of the marijuana and returned with bags of money, which he put into the bumper of the car. Miller testified that defendant told him that the marijuana was being sold, and defendant paid Miller $600 for his participation.

Gonzalez' call to Miller and the storage of Gonzalez' car in the storage unit occurred on January 26, 1991. Police executed a search warrant against defendant and Miller and found the marijuana that had been placed in the boat and approximately $82,000 in the bumper of the car in Miller's garage.

The trial court admitted, over defendant's objection, Gonzalez' preliminary examination testimony as evidence at defendant's trial. Defendant asserts

that his constitutional right to confrontation was violated by the admission of this testimony on the basis of an erroneous finding that the prosecution had made diligent attempts to secure the production of Gonzalez as a witness at defendant's trial. Former testimony of a witness is admissible in a later proceeding where that witness is unavailable to testify and the party against whom the testimony is being admitted had an opportunity to cross-examine the witness at that time. MRE 804(b)(1). The declarant is unavailable when he is absent from the hearing and the proponent of his statement has used due diligence to procure his attendance. MRE 804(a)(5).

The party wishing to have the declarant's former testimony admitted must demonstrate that it made a reasonable, good-faith effort to secure the declarant's presence at trial. *People v James (After Remand)*, 192 Mich App 568, 571; 481 NW2d 715 (1992). The test does not require a determination that more stringent efforts would not have procured the testimony. *Id.*

Because a finding of due diligence is a finding of fact, this Court will not set it aside absent clear error. MCR 2.613; see *People v Wolford,* 189 Mich App 478, 484; 473 NW2d 767 (1991). Because the trial court has the discretion to admit evidence, we review its ruling on admissibility for an abuse of discretion. *People v Davis,* 199 Mich App 502, 516; 503 NW2d 457 (1993). An abuse of discretion will be found only if an unprejudiced person, considering the facts on which the trial court relied in making its decision, would conclude that there was no justification for the ruling. *People v Taylor,* 195 Mich App 57, 60; 489 NW2d 99 (1992).

The court took testimony from police officer Dean Kapenga regarding his attempts to locate Gonzalez. Kapenga had learned that Gonzalez' last

known address was in Mercedes, Texas. The Mercedes chief of police was contacted and agreed to go to that address to see if Gonzalez was there. The chief of police talked to Gonzalez' mother at that address and she told him that she had not seen Gonzalez since the beginning of the defendant's trial. According to Gonzalez' mother, Gonzalez told her that he was in California but left her no telephone number or address. In December 1991, Gonzalez had not called his mother in several months.

Kapenga then investigated whether Gonzalez had received a California driver's license in order to get an address for him there. This investigation led to no information, and, after checking with officials in Texas, no new Texas address was discovered for Gonzalez. Kapenga also contacted the man who was with Gonzalez when he was stopped in Illinois, but this man did not know the whereabouts of Gonzalez. Additionally, there was evidence that Gonzalez had left the authorities with a telephone number at which he assured them he could be reached. However, attempts to contact him through this number were fruitless. Furthermore, the court had been assured after prior proceedings that the attorney representing Gonzalez at the preliminary examination would maintain contact with him. This attorney had not remained in contact with Gonzalez. Lastly, according to Kapenga, federal authorities had been contacted in the effort to locate Gonzalez and the local authorities were informed that the federal system had been unable to locate him.

As a result, the trial court concluded that due diligence in attempting to locate Gonzales had been demonstrated and, therefore, because Gonzalez was unavailable at trial, his prior recorded testimony could be admitted. Defendant gives sev-

eral examples of possible methods of locating Gonzalez that were not attempted by the law enforcement authorities. The authorities were not required to exhaust all avenues for locating Gonzalez, but had a duty only to exercise a reasonable, good-faith effort in locating him. We find that the trial court's finding that the prosecution exercised due diligence in attempting to locate Gonzalez was not clearly erroneous. Thus, its admission of Gonzalez' testimony from the preliminary examination, at which time defendant had an opportunity to and did cross-examine Gonzalez, was not clearly erroneous.

Defendant next argues that the trial court erred in admitting his statements regarding his ownership of the boat and the seized money. These statements were made in connection with decedent's filing of a claim of ownership in a forfeiture proceeding. Even if we were to determine that the trial court erred in admitting this evidence, we find that any error was harmless. There was considerable evidence supporting defendant's conviction and it is unlikely that without defendant's admission of ownership of the boat and money defendant would have been acquitted. *People v Oswald (After Remand)*, 188 Mich App 1, 8; 469 NW2d 306 (1991). Miller had testified that defendant stored his boat in Miller's garage and that after they had unloaded the marijuana from the car, defendant left with some of it and returned with the money, which defendant placed in the bumper of the car. It was this testimony to which the trial court referred when making its findings.

Defendant argues on the basis of the admission of his statement regarding his ownership of the boat and money that his counsel was ineffective. To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that de-

fense counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed by the federal and Michigan Constitutions. *People v Daniel,* 207 Mich App 47, 58; 523 NW2d 830 (1994). Because we find no error resulting from the admission of defendant's statement, defendant has failed to demonstrate that his counsel's performance was deficient. Furthermore, contrary to defendant's assertions, the record indicates that his counsel objected to the admission of this evidence. Defendant's claim of ineffective assistance of counsel must fail.

Defendant raises several challenges to the trial court's determination of his sentence. Because defendant has been paroled, we find most of his challenges to be moot. Where a subsequent event renders it impossible for this Court to fashion a remedy, the issue becomes moot. *People v Rutherford,* 208 Mich App 198; 526 NW2d 620 (1994). However, although defendant's sentence enhancement issue is technically moot because he is no longer in prison, we will review the merits of the issue because it is one of public significance and likely to recur in the future. *People v Cannon,* 206 Mich App 653; 522 NW2d 716 (1994). We also note that it might have parole implications for defendant.

We review questions of law de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991). Defendant's sentence was enhanced according to MCL 333.7413(2); MSA 14.15(7413)(2), which states:

> Except as otherwise provided . . . an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more

than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.

Defendant asserts that this provision does not provide for enhancement of a sentence on the basis of a subsequent conviction under the conspiracy statute because it is not a "subsequent offense under this article." In *People v Anderson,* 202 Mich App 732; 509 NW2d 548 (1993), this Court held that while delivery of cocaine is an offense under the article, the defendant's subsequent conviction of attempted conspiracy to deliver cocaine is a separate offense from delivery of cocaine and not an offense under that article. *Id.* at 735. Thus, according to the *Anderson* Court, application of the enhancement provision was improper.

Similarly, in this case, defendant previously was convicted of possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Because defendant's subsequent conviction was under the conspiracy statute, MCL 750.157a; MSA 28.354(1), it was an offense separate from possession with intent to deliver marijuana and therefore not an offense under the article. Moreover, MCL 333.7413(1)(c); MSA 14.15(7413)(1)(c) sets forth specific conspiracy convictions that shall form the basis for enhancement of a sentence for a subsequent offense: specifically conspiracy to commit offenses proscribed by MCL 333.7401(2)(a)(ii) or (iii); MSA 14.15(7401)(2)(a)(ii) or (iii) or MCL 333.7403(2)(a)(ii) or (iii); MSA 14.15(7403)(2)(a)(ii) or (iii), none of which are involved in the instant case. We find that the trial court's application of the enhancement provision to defendant's sentence was improper.

Defendant's conviction is affirmed but, because

defendant's sentence was improperly enhanced, we remand for imposition of a sentence that is not enhanced.

Affirmed and remanded.