# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH LEE MURINE,

Defendant-Appellant.

UNPUBLISHED
March 3, 2016

No. 322688
Jackson Circuit Court
LC No. 10-005670-FC

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right from a June 26, 2014, resentencing. We affirm in part and remand for further proceedings consistent with this opinion.

A jury convicted defendant of first-degree criminal sexual conduct (CSC I), MCL 750.520b(2)(b) (sexual penetration with victim younger than 13 and defendant 17 or older), and second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (sexual contact with victim younger than 13). Defendant appealed to this Court, which affirmed defendant's convictions but remanded for resentencing with regard to the CSC I offense. *People v Murine*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2014 (Docket No. 310962). At resentencing, the trial court sentenced defendant to 29 years and 11 months to 50 years' imprisonment for CSC I.

Defendant argues that his resentencing was deficient in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). In *Lockridge, id.* at 364, the Michigan Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient" to the extent that the guidelines "*require* judicial fact-finding beyond the facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." The Court thus found it necessary to "sever MCL 769.34(2) to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." *Lockridge*, 498 Mich at 364. The Court held that, although the guidelines would remain in effect, "a guidelines minimum sentence range calculated in violation

-1-

of *Apprendi* and *Alleyne* is advisory only" and "sentences that depart from that threshold are to be reviewed by appellate courts for reasonableness." *Id*. at 365.

This case is unique because defendant's guidelines range was 135 to 225 months,[1] but MCL 750.520b(2)(b) mandates a minimum sentence of 25 years (300 months) for the CSC I offense at issue. In *People v Wilcox*, 486 Mich 60, 73; 781 NW2d 784 (2010), the Michigan Supreme Court explained that a "departure from the guidelines" occurs when a court imposes a sentence that exceeds "both the applicable guidelines minimum sentence range and the . . . mandatory minimum." Accordingly, defendant received a "departure" sentence. Because defendant received a sentence "that did not rely on the minimum sentence range from the improperly scored guidelines[,] . . . defendant cannot show prejudice from any error in scoring the OVs in violation of *Alleyne*." *Lockridge*, 498 Mich at 394.[2]

The Supreme Court in *Lockridge*, *id*. at 391, struck down "the requirement of a 'substantial and compelling reason' to depart from the guidelines range in MCL 769.34(3)." The Court held that "the sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so" and that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness."[3] *Lockridge*, 498 Mich at 392. The "reasonableness" of a sentence is determined by applying the principle of proportionality as delineated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and its progeny. *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318329), slip op at 24. In *Steanhouse*, *id*. at 25, the Court stated that because the trial court was "unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing," it would remand the case to the trial court for a *Crosby*[4] procedure as outlined in *Lockridge*. The *Steanhouse* Court further stated, "Given the possibility that defendant could receive a more severe sentence, defendant should be provided the opportunity to avoid resentencing if that is his desire." *Id*. *Steanhouse* is binding law and we therefore remand this case for further consideration consistent with *Steanhouse*.[5]

---

[1] It is not disputed that the guidelines were scored, in part, using facts found by the trial court.

[2] We note that defendant did not object at sentencing on *Apprendi/Alleyne* grounds. The Michigan Supreme Court has made clear that, in such a situation, the plain-error standard of review applies. *Lockridge*, 498 Mich at 392.

[3] This case, fundamentally, involved a departure from the statutorily-required 300-month sentence as opposed to a departure from the guidelines. However, we can discern no reason for treating this type of departure differently from the type of departure discussed in *Lockridge*; both involve subjecting the defendant to a longer term of imprisonment than mandated by law.

[4] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[5] The facts of this case were horrendous and involved the repeated rape of a six-year-old girl. If not for intervening case law, our analysis would necessarily be different. Nevertheless, we are bound by *Steanhouse* to remand for further proceedings regarding sentencing. Although the trial

Defendant contends that the trial court improperly assessed 50 points for OV 11, arguing that "there was no testimony that there were multiple penetrations at the same time."

*Steanhouse* makes clear that the traditional standards of review apply, post-*Lockridge*, to the scoring of the (now advisory) guidelines. *Steanhouse*, ___ Mich App at ___; slip op at 19. Accordingly:

> [T]he circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).]

MCL 777.41 provides:

> (1) Offense variable 11 is criminal sexual penetration. Score offense variable 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Two or more criminal sexual penetrations occurred      50 points
>
> (b) One criminal sexual penetration occurred      25 points
>
> (c) No criminal sexual penetration occurred      0 points
>
> (2) All of the following apply to scoring offense variable 11:

---

court referred to the sentence being "proportional for the offense that was committed," there are other factors, aside from the offense itself, that go into the "principle of proportionality." See *Steanhouse*, ___ Mich App at ___; slip op at 24. From the existing record, we are not sufficiently confident that the trial court was aware of the need to apply the principle of proportionality. In addition, we acknowledge, once again, that this case involved a mandatory statutory minimum that exceeded the guidelines range. Nevertheless, a "departure" occurred and the *Steanhouse* analysis of proportionality, including its adoption of the *Crosby* procedure, thus applies. The *Lockridge* Court stated that, in conjunction with a *Crosby* remand, the trial court is to determine whether it "would have imposed the same sentence absent the unconstitutional constraint on its discretion." *Lockridge*, 498 Mich at 399. It is not entirely clear how this determination fits in with the facts of *Steanhouse*, where the trial court departed from the guidelines and thus, for practical purposes, had no "unconstitutional constraint on its discretion," or with the facts of the present case, where the trial court departed from a statutory mandatory minimum. Nevertheless, *Steanhouse* applies and defendant is entitled to a determination regarding whether the trial court chooses to impose a different sentence. *Steanhouse*, ___ Mich App at___; slip op at 25; *Lockridge*, 498 Mich at 398.

(a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.

(b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.

(c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

In *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006), the Court construed the phrase "arising out of" (contained in (2)(a) above) to mean "[s]omething that . . . springs from or results from something else, [and] has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." Thus, "there [must] be such a relationship between the penetrations at issue and the sentencing offenses." *Id*. Further, "[v]aginal penetration, fellatio, and cunnilingus are considered separate sexual penetrations when scoring OV 11 under MCL 777.41." *People v Johnson*, 298 Mich App 128, 132; 826 NW2d 170 (2012). MCL 750.520a(r) defines "sexual penetration" for CSC offenses as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." In addition, "[t]he trial court may consider all the record evidence when sentencing, including the contents of a presentence investigation report [PSIR]." *People v Armstrong*, 305 Mich App 230, 245; 851 NW2d 856 (2014).

Defendant was charged with cunnilingus. The victim testified that defendant's tongue touched her "front" private part. The victim further testified that defendant put his tongue on her private "*every time*."[6] (Emphasis added.) In addition, there was testimony that defendant penetrated the victim's vagina with his penis (i.e., he "rubbed" the inside of her "private parts" with his "private parts"). Moreover, the PSIR states: "[The victim] advised that . . . [defendant] would pull his pants and shorts down and also take her pajamas and underwear off and start going up and down on her, rocking back and forth. She then stated that he would put his privates *inside of her front and back privates*." (Emphasis added.) She stated that "this would happen" when he got up in the morning. A doctor indicated in the PSIR that the victim "definitely had been raped numerous times, over a long period of time, vaginally and anally." The PSIR states that "the victim recalled the sexual acts happening on so many occasions that she could not recall them all."

A reasonable inference from the evidence, viewed as a whole, is that two penetrations in addition to cunnilingus occurred as a part of the same instance and had more than an incidental relationship. *Johnson*, 474 Mich at 101. We find no error.

Defendant next argues that the trial court erred in assessing $500 in court costs and his attorney was ineffective for failing to object to the assessment of costs. The costs were

---

[6] As noted *infra*, there were multiple instances of abuse.

subsequently vacated and this issue has been rendered moot. *People v Briseno*, 211 Mich App 11, 17; 535 NW2d 559 (1995).

Defendant lastly argues that his attorney was ineffective for "not raising the specific objections to the sentence . . . outlined above." Defendant's cursory treatment of the factual basis for his argument renders the argument abandoned. *People v Matuszak*, 263 Mich App at 42, 59; 687 NW2d 342 (2004). At any rate, defendant has not established ineffective assistance of counsel because he cannot show that any inaction on the part of counsel affected the outcome of the case. See *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004). The trial court correctly scored OV 11, and with respect to the *Apprendi/Alleyne* issue, even if it had been raised below it would not have changed the outcome of the sentencing because (1) binding and applicable case law had not been released at that time and (2) the existence of an objection at sentencing would not have affected our decision today.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Jane M. Beckering