# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOSHUA ALLEN ROBINSON,

        Defendant-Appellee.

UNPUBLISHED
April 11, 2017

No. 330046
Wayne Circuit Court
LC No. 15-002758-FC

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

The prosecution appeals by right an order of dismissal after the trial court determined that the prosecution failed to exercise due diligence in producing the complaining witness. We affirm.

The prosecution argues that because the officer did everything reasonable to track down the witness, the trial court erred in making its due diligence finding. We disagree.

This Court reviews a trial court's determination of whether due diligence was exercised in producing a witness for an abuse of discretion. *People v Eccles*, 260 Mich App 379, 389; 677 NW2d 76 (2004). A trial court abuses its discretion when its decision is outside the range of principled outcomes. *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016).

The Sixth Amendment's Confrontation clause gives a defendant the right to confront the witnesses against him. *People v Bean*, 457 Mich 677, 682; 580 NW2d 390 (1998). Where a witness is unavailable, however, preliminary examination testimony may be used at trial, if the prosecution has exercised due diligence in trying to produce the witness and the testimony is satisfactorily reliable. *Id*. at 682-683; see also MRE 804(a)(5) and (b)(1). A witness can be considered unavailable if the prosecution is unable to produce the witness despite "a diligent good-faith effort." *Bean*, 457 Mich at 684. Whether the prosecutor exercised due diligence is a test of reasonableness and is determined based on the facts and circumstances of the case. *Id*. The test is "not whether more stringent efforts would have produced" the witness. *Id*.

In *Bean*, our Supreme Court found that the prosecution had not exercised due diligence where efforts were largely limited to a few unsuccessful telephone calls and a visits to an abandoned residence. *Id*. at 685-689. In the two weeks before trial, investigators made a few telephone calls (to the witness's mother who did not answer and to his grandmother whose phone

was disconnected), visited what was believed to be the witness's residence (but the house was abandoned), and checked local jails. *Id*. at 685-687. The investigators learned that the witness had likely moved to the Washington, D.C. area with his mother, but they made no effort to locate him there. *Id*. at 685-688. The Court noted that the investigators never tried to locate the grandmother, match the mother's phone number to an address, or get information from the phone company. *Id*. at 687. Further, they did not check with the United States Postal Service, the Michigan Department of Corrections, or local social services agencies. *Id*. Lastly, the officers did not try to contact any police department or agency in the Washington, D.C. area. *Id.* In distinguishing the facts of *Bean* from those of *People v Dye*, 431 Mich 58, 64-67; 427 NW2d 501 (1988), the Court noted that a key distinction was that the prosecution in *Dye* was in contact with the authorities in the cities where the witnesses were thought to have moved. *Bean*, 457 Mich at 689. The Court reasoned that a "significant effort was expended to locate the witnesses in those foreign jurisdictions," plus a "wide variety of local efforts, including checks of jails, hospitals, and morgues, and contact with utility companies and government agencies." *Id*. Nonetheless, despite these more extensive efforts, in *Dye*, the Court still found the prosecution's efforts insufficient. *Bean*, 457 Mich at 690. Having found the efforts in *Dye* insufficient, the Court could not conclude that the efforts in *Bean* constituted due diligence. *Id*. Thus, the Supreme Court found the trial court erred in finding that the prosecution had exercised due diligence. *Id*.

In contrast to *Bean*, in *Eccles*, 260 Mich App 379, this Court found that the trial court did not abuse its discretion in determining that the prosecution had exercised due diligence in producing a witness for trial where the police efforts largely consisted of speaking with the witness's mother and mother of his child and visiting the house of the witness's mother. *Id* at 389-390. In *Eccles*, however, an officer had been in contact with the witness by telephone. *Id*. The witness indicated that he was in Shreveport, Louisiana and that he intended to testify at trial. *Id*. When the witness failed to appear, the officer checked with local jails, hospitals, and morgues. *Id*. at 390. He also contacted the Shreveport police department, but they were unsuccessful in locating the witness. *Id*. The officer did not check with the United States Postal Service for a change of address. *Id*. He also did not check with any federal agencies to see if the witness was an informant for them, despite knowing that the witness was an informant for a local drug agent. *Id*. Noting that due diligence does not require doing everything possible, but doing everything that is reasonable, this Court held that the trial court did not abuse its discretion in determining that the prosecution had exercised due diligence. *Id*. at 391.

Likewise, this Court found that the trial court did not err in determining that the prosecution had exercised due diligence in *People v Briseno*, 211 Mich App 11, 16; 535 NW2d 559 (1995). In *Briseno*, the officer contacted the chief of police of the city of the witness's last known address to assist in locating the witness. *Id*. at 15. After the witness's mother indicated that he may be in California, the officer checked to see whether the witness had obtained a California driver's license to try to find an address there. He also checked with Texas officials for a new Texas address. *Id*. The officer also contacted federal authorities who were not able to locate the witness either. *Id*. Lastly, the witness's attorney had assured the court that he would remain in contact with the witness, but he did not. *Id*. As in *Eccles*, this Court noted that "authorities were not required to exhaust all avenues" in locating a witness and held that the trial court did not err in finding that the prosecution had exercised due diligence. *Id*. at 16.

In this case, the trial court found that the prosecution did not exercise due diligence in trying to produce the witness to testify at trial. It found Detective Carolyn Manners's efforts unreasonable where she did not begin her search until five days before trial and these efforts were focused on Detroit, even though all her information indicated that the witness was in Virginia. The cases we have reviewed do not set forth a list of what is required to meet due diligence, rather, they emphasize that efforts must be reasonable based on the facts and circumstances of the particular case. See *Bean*, 457 Mich at 684. Some factors may include whether the authorities in a jurisdiction where a missing witness may be located were contacted to help locate the witness, checking with the United States Postal Service for a forwarding address, checking the witness's last known address, checking with federal authorities, checking with other governmental agencies, determining how recently the prosecution has been in contact with the witness, and ascertaining whether the witness was aware of the trial.

Trial was scheduled on July 17, 2015 for October 20, 2015. Yet, even though Detective Manners had not spoken with the witness since April 1, 2015, she did not begin her efforts to locate him until two weeks before trial.[1] Detective Manners left messages for the witness at the telephone numbers that she had for him. She also visited all the addresses that she could find through the witness's driver's license history and Law Enforcement Information Network (LEIN) history. Detective Manners followed her own department's checklist regarding due diligence and contacted various agencies, medical establishments, and prisons throughout the Detroit metro area. But she did not make the same efforts to locate the witness in Virginia, even though all the information she gathered indicated that he had moved there with his fiancée. While Detective Manners did contact the Chesapeake Police Department to have them check for the witness at a forwarding address obtained from the apartment manager of the witness's prior residence, the trial court focused on what other reasonable efforts were made to locate the witness in the location to which he said he was moving. It was logical for the trial court to find it unreasonable that Detective Manners failed to check with governmental entities in Virginia, when she did so in Detroit. Further, the trial court noted that failing to check social media was unreasonable, given that Facebook was the modern-day equivalent to searching a telephone book or calling information, in terms of what is reasonable. Attempting to find a witness through social media is not required, but neither this Court nor the Supreme Court has stated that any of the means used to locate a witness are required. The prosecution is simply generally required to make a reasonable, good-faith effort. *Bean*, 457 Mich at 684. What constitutes a reasonable effort depends on the facts and circumstances and is within the discretion of the trial court. *Id.*

The trial court found it unreasonable that Detective Manners waited until days before trial to try to locate the witness, despite the trial date having been set three months before. When questioned about specific efforts, Detective Manners testified that she took these actions on October 15, 2015, one day after the prosecution filed its notice. The trial court further found it unreasonable that Detective Manners did not check the same type of institutions in Virginia that she had in Detroit, despite all her information indicating that the witness was in Virginia. While

---

[1] Although Detective Manners testified she began her efforts to locate the witness two weeks before trial, she could only relate specific actions that occurred on October 15, 2015.

the prosecution is not required to exhaust all remedies, *Eccles*, 260 Mich App at 391, the trial court still has discretion to determine whether the actions that the prosecution did take were reasonable. *Bean*, 457 Mich at 684. Here, under these facts, we cannot find that the trial court had no basis to conclude that the prosecution did not exercise due diligence in its attempt to produce the witness for trial.

In summary, the prosecution's efforts must be reasonable based on the facts and circumstances of the particular case, and the trial court's decision will not be overturned absent an abuse of discretion. *Id*. The trial court based its decision largely on factors that have been previously considered by this Court and our Supreme Court in deciding whether a trial court has abused its discretion in determining whether the prosecution has exercised due diligence. While the failure to check social media has not previously been addressed by this Court, it is, nonetheless, a reasonable factor to consider in the modern technological era. Social media may not provide an accurate location, but it can potentially provide other information. The prosecution even checked Facebook after the due diligence hearing. The trial court's determination that the detective's efforts where not reasonable where she failed to try to locate the witness until days before trial and failed to focus her efforts on Virginia where the witness was most likely located is not outside the range of principled outcomes. *Seewald*, 499 Mich at 116. We therefore conclude that the trial court did not abuse its discretion in ruling that the prosecution did not exercise due diligence in trying to produce the witness for trial and in denying the prosecutor's motion to use the witness's preliminary examination testimony. The trial court further did not abuse its discretion by dismissing the case without prejudice on defendant's motion after the prosecutor informed the court it could not proceed to trial based on the court's ruling.

We affirm.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle