# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID MICHAEL LETT,

        Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 329386
Wayne Circuit Court
LC No. 15-001946-01-FC

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, David Lett, appeals as of right his jury convictions of armed robbery, MCL 750.529, first-degree home invasion, MCL 750.110a(2), and larceny in a building, MCL 750.360. The trial court sentenced Lett to concurrent prison terms of 12 to 25 years for the robbery conviction, 5 to 20 years for the home invasion conviction, and one to four years for the larceny conviction. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

On February 14, 2015, a man forced his way into 84-year-old Benny Sowa's house, knocked him to the floor, threatened to stab him with an object that he was holding, and stole his wallet. At trial, Sowa identified his assailant as Lett, his across-the-street neighbor. The prosecution also presented evidence showing that Lett had possession of Sowa's wallet after the crime was committed, that he gave Sowa's credit card to a couple of women, that he lied to the police when questioned about the circumstances surrounding the incident, and that he had a jacket similar to the one that Sowa described his assailant as wearing. Lett presented evidence that he was at his house with his girlfriend's brother at the time of the incident. Lett also testified that he looked out his window and saw the real perpetrator fleeing from Sowa's house. The jury convicted Lett as charged.

## II. ADMISSION OF FORMER TESTIMONY

### A. STANDARD OF REVIEW

Lett argues that his constitutional due process rights were violated when under MRE 804(b)(1) the trial court admitted the preliminary examination testimony of two prosecution witnesses, Eric Stephan and Yvonne Lanton. Lett also asserts that the requirements of MRE

-1-

804(b)(1) were not satisfied and that admitting the preliminary examination testimony deprived him of his constitutional right to confront the witnesses against him. Finally, he also asserts that with regard to Lanton, the trial court should have given a missing witness instruction to the jury. We review de novo questions of constitutional law, including whether a criminal defendant was denied his right to confront the witnesses against him, *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006), and whether a defendant was afforded due process, *People v Stokes*, 312 Mich App 181, 189; 877 NW2d 752 (2015). "A trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but if the inquiry requires examination of the meaning of the Michigan Rules of Evidence, a question of law is presented, which we review de novo." *People v Ackerman*, 257 Mich App 434, 442; 669 NW2d 818 (2003). Additionally, the trial court's factual finding regarding witness unavailability is reviewed for clear error. *People v Garland*, 286 Mich App 1, 7; 777 NW2d 732 (2009). The trial court's determination that the prosecution exercised due diligence is reviewed for an abuse of discretion, *People v Bean*, 457 Mich 677, 684-685; 580 NW2d 390 (1998), but its factual findings are reviewed for clear error. *People v Lawton*, 196 Mich App 341, 348; 492 NW2d 810 (1992). "[T]he appropriateness of a 'missing witness' instruction" is reviewed for an abuse of discretion. *People v Eccles*, 260 Mich App 379, 389; 677 NW2d 76 (2004).

## B. ANALYSIS

MRE 804(b)(1) provides that, if a witness is unavailable at trial, his or her testimony from a prior hearing may be admitted "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Lett first argues that the trial court erred in admitting Stephan's testimony because, although Stephan was unavailable to testify because he was dead,[1] Lett did not have a similar motive to cross examine Stephan at the preliminary examination as he would have had at the trial. We disagree. "Whether a party had a similar motive to develop the testimony depends on the similarity of the issues for which the testimony is presented at each proceeding." *People v Farquharson*, 274 Mich App 268, 275; 731 NW2d 797 (2007). In determining whether a party had a similar motive to develop the witness's testimony, the court may consider various factors such as:

> (1) whether the party opposing the testimony had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue; (2) the nature of the two proceedings—both what is at stake and the applicable burdens of proof; and (3) whether the party opposing the testimony in fact undertook to cross-examine the witness (both the employed and the available but forgone opportunities). [*Id*. at 278 (quotation marks omitted).]

Here, despite the differing burdens of proof at the trial and the preliminary examination, their core function is the same: to prove that a criminal defendant committed the crime charged. Moreover, a defendant is generally considered to have a similar motive to develop a witness's testimony at a preliminary examination as he or she would have at trial. See *People v Meredith*,

---

[1] MRE 804(a)(4).

459 Mich 62, 67; 586 NW2d 538 (1998). In this case, it is clear that Lett's lawyer's motive when cross examining Stephan at the preliminary examination was to establish that Stephan was not a reliable witness and that Lett did not commit the crimes he was charged with. Although Lett's lawyer's motive was not identical because of the differing standards of proof, we conclude that it was nevertheless similar enough to allow admission of Stephan's preliminary examination testimony at trial. Accordingly, the trial court did not abuse its discretion in admitting Stephan's preliminary examination testimony under MRE 804(1)(b).

With regard to Lanton's testimony, Lett argues that the trial court erred in finding that Lanton was unavailable to testify. For purposes of MRE 804(b)(1), a declarant is unavailable when she "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown." MRE 804(a)(5). To show due diligence, the prosecutor must demonstrate that he made "a reasonable, good-faith effort" to secure the witness's presence at trial. *People v Briseno*, 211 Mich App 11, 14; 535 NW2d 559 (1995). Due diligence does not require the prosecutor to take every possible step to secure the witness; instead, the prosecutor is only required to take all reasonable steps to do so. *People v Connor*, 182 Mich App 674, 681; 452 NW2d 877 (1990). If "there are no leads as to the witness' whereabouts, the prosecutor should inquire of known persons who might reasonably be expected to have information that would help locate the witness. Where there are specific leads as to the witness' location, the prosecutor must pursue them." *Id.*

The prosecution fully expected Lanton to testify. When it became apparent that she was not going to appear as expected for trial, an evidentiary hearing was held on the question of whether the prosecution exercised due diligence in attempting to locate her after learning of her absence. The officer in charge, Detective Matthew Fulgenzi, testified that Lanton resided at a Stahelin Street address until sometime after the preliminary examination. After that, although she moved to Toledo, Ohio, she provided Detective Fulgenzi with her cell phone number and her new address, and she kept in contact with him. About three days before the trial, an advocate with the prosecutor's office contacted Lanton and spoke with her several times in order to make arrangements for Lanton to travel from Ohio to Michigan for the trial. The advocate testified that after discussing convenient travel times with Lanton, she purchased a bus ticket for Lanton and made arrangements for Lanton to pick it up at will call despite the fact that Lanton's photo identification had expired. Detective Fulgenzi related that when he spoke to Lanton about her travel plans before the trial, she confirmed that she knew where to go, that she had a bus ticket, and that she would be present at the trial. Later, when Lanton failed to appear at the bus station where an officer was waiting to pick her up, Detective Fulgenzi learned that Lanton had never picked up her ticket. Detective Fulgenzi attempted to contact her to discover what had happened, but Lanton did not respond to any calls or text messages. Detective Fulgenzi also conferred with the Toledo Police Department, who checked Lanton's last known address and her last known place of employment. Law enforcement in both Michigan and Toledo checked to see if Lanton had been arrested. Detective Fulgenzi further testified that he checked jails, morgues, and ran a LIEN check for Lanton in an effort to locate her. Lanton was not located. Although additional methods could have been employed to find her, in this case the prosecution searched for Lanton both in Michigan and in Toledo, where she was known to be located. Based on this record, the trial court did not abuse its discretion in finding that the prosecution exercised due diligence in searching for Lanton.

Additionally, given that both Stephan and Lanton's preliminary examination testimony was properly admitted under MRE 804(1)(b) we reject Lett's argument that his constitutional right to confront the witnesses against him was violated. See *Garland*, 286 Mich App at 7 ("Former testimony is admissible at trial under both MRE 804(b)(1) and the Confrontation Clause as long as the witness is unavailable for trial and was subject to cross-examination during the prior testimony."). Likewise, given that the evidence was admissible, we also reject Lett's argument that its admission facially violated the fundamental fairness required by due process.

Finally, Lett argues that because the prosecution could not produce Lanton, the trial court should have instructed the jury that Lanton was a missing witness and that the jury was free to infer that her testimony would have been favorable to the defense. A missing witness instruction should be given if the trial court finds a lack of due diligence on the part of the prosecutor in seeking to produce an endorsed witness. *Eccles*, 260 Mich App at 388-389. Here, because the court found that the prosecution exercised due diligence in its attempt to secure Lanton for trial, such an instruction would not have been appropriate. The court did not err in declining to instruct the jury that Lanton was a missing witness.

## III. RIGHT TO PRESENT A DEFENSE

### A. ISSUE PRESERVATION AND STANDARD OF REVIEW

Lett next argues that he was deprived his constitutional right to present a defense when, during the cross-examination of Detective Fulgenzi, he was prevented from presenting evidence that Lanton and Stephan had been advised of their constitutional rights when they spoke to the police. Lett sought to admit the testimony in order to show that Lanton and Stephan were initially considered suspects in the home invasion and armed robbery. Although Lett sought to introduce evidence that Lanton and Stephan were advised of their rights, he did not argue that such evidence was admissible on constitutional grounds or that its exclusion violated his constitutional right to present a defense. Therefore, his constitutional argument is not preserved. See *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). Accordingly, we review this issue for plain error affecting Lett's substantial rights. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012).

### B. ANALYSIS

"A criminal defendant has a state and federal constitutional right to present a defense." *People v Kurr*, 253 Mich App 317, 326; 654 NW2d 651 (2002). "However, an accused's right to present evidence in his defense is not absolute." *People v Unger*, 278 Mich App 210, 250; 749 NW2d 272 (2008). The right to present a defense is not infringed by the exclusion of irrelevant evidence. *Id*. Likewise, "[i]t is well settled that the right to assert a defense may permissibly be limited by 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' " *People v Toma*, 462 Mich 281, 294; 613 NW2d 694 (2000), quoting *Chambers v Mississippi*, 410 US 284, 302; 93 S Ct 1038; 35 L Ed 2d 297 (1973). The rules of evidence "do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *Unger*, 278 Mich App at 250, quoting *United States v Scheffer*, 523 US 303, 308; 118 S Ct 1261; 140 L Ed 2d 413 (1998).

Here, the trial court excluded the evidence pursuant to MRE 611(c) (allowing the court to "limit cross-examination with respect to matters not testified to on direct examination") and MRE 402 (prohibiting the admission of irrelevant evidence). On direct examination, when the prosecutor attempted to ask Detective Fulgenzi whether Stephan had been a suspect in the home invasion and armed robbery, Lett's lawyer objected on relevancy grounds, and the trial court sustained his objection. When the prosecutor attempted to elicit testimony regarding whether anyone other than Lett had been a suspect in the home invasion and armed robbery, Lett's lawyer again objected, and the trial court again sustained the objection. Subsequently, on cross-examination Lett's lawyer attempted to ascertain whether Stephan and Lanton had been advised of their constitutional rights before being questioned by law enforcement. Lett's lawyer explained that the purpose of the evidence was to show that Stephan and Lanton had been suspects at one point. The prosecutor objected, noting that Lett's lawyer had successfully excluded the same type of evidence on direct examination. The trial court sustained the prosecutor's objection, noting that the evidence was still irrelevant and that the court could also bar its admission since the subject had not been raised on direct examination.

On appeal, Lett suggests that the trial court erred in basing its ruling on MRE 611(c) because the prosecutor actually did introduce evidence regarding whether there were other suspects during Detective Fulgenzi's direct examination. He asserts, therefore, that because the subject of whether there were other suspects was brought up on direct examination, it was an appropriate topic for cross examination, and the trial court erred in excluding it. The prosecutor's direct examination of Detective Fulgenzi spanned two days. On the first day, the prosecutor successfully elicited testimony that Lett was the only suspect. On the second day, Lett's lawyer successfully objected to testimony that Stephan or anyone else was a suspect. It is likely that the court, the prosecutor, and Lett's lawyer did not recall the general question posed on the first day. Nevertheless, given that the subject was raised on direct examination, we are constrained to conclude that the trial court erred in excluding it under MRE 611(c).

The trial court did not, however, abuse its discretion when it excluded the testimony because it was irrelevant. Generally, all relevant evidence is admissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Lett's lawyer wanted to admit testimony showing that Stephan and Lanton had been advised of their constitutional rights. He asserted that evidence would show that the police suspected them of being involved in the home invasion and armed robbery. We agree that evidence that Stephan and Lanton were advised if their constitutional rights makes it more probable than not that they were suspects. However, we do not agree that Stephan and Lanton's status as suspects made it more probable that they were responsible for the home invasion and armed robbery instead of Lett. The mere fact that the police suspect someone of committing a crime does not mean that they are actually responsible. Accordingly, because the evidence was irrelevant, the trial court did not abuse its discretion in excluding it. See *Ackerman*, 257 Mich App at 442. Further, because the evidence was irrelevant, Lett was not denied his constitutional right to present a defense by its exclusion. See *Unger*, 278 Mich App at 250.

Nevertheless, assuming *arguendo* that the evidence was relevant, any error in excluding it was harmless. Under the harmless error rule, it is presumed an error is not a ground for reversal unless " 'after an examination of the entire cause, it shall affirmatively appear" that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 491, 495-496; 596 NW2d 607 (1999), quoting MCL 769.26. When evaluating whether an error was harmless, "the effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error." *Lukity*, 460 Mich at 495.

Here, evidence that Stephan and Lanton were given their constitutional rights before being questioned allowed for an inference that the police suspected them of being involved in the home invasion and armed robbery. There was, however, other evidence that they were possibly involved in the home invasion and armed robbery. For example, Sowa's wallet was located at their home, and Stephan arguably matched the initial description Sowa gave of his assailant. There was also testimony that Lanton was present when Sowa's credit card was used at a gas station. Additionally, Lett testified that he had previously borrowed money from Sowa to purchase an item for his son. He said that Stephan asked him where he got the money and that he told Stephan he got it from his neighbor across the street, i.e., Sowa. He said that Stephan "hinted around" about Sowa's source of income, but did not ask a direct question about it. Based on that evidence, Lett's lawyer argued in closing argument that it was possible that Stephan was the real culprit and that Lett had essentially been set up by Stephan and Lanton. Thus, despite the trial court excluding the evidence that the police may have once suspected Stephan and Lanton of being involved in the home invasion and armed robbery, the record reflects that Lett was still able to present that defense to the jury. Therefore, even if the trial court erred in excluding the evidence, the exclusion did not deny Lett his constitutional right to present a defense.

## IV. ADMISSION OF LETT'S STATEMENTS

Lett was questioned twice by the police. He initially denied all knowledge of the robbery and denied knowing where Lanton lived or having been to her house. Later, Lett admitted that he sometimes stayed with Lanton and Stephan, but still denied any involvement in the robbery. The interviews were recorded and the DVDs were admitted into evidence and played for the jury.

Lett argues that the admission of the DVDs violated his due process rights based on the incorrect assumption that the DVDs were admitted pursuant to MRE 106. His argument refers to the trial court's comment during a renewed objection that the DVDs should be played in their entirety "in the interest of fairness and completeness." The court, however, also stated that it was overruling the renewed objections for the reasons given in its earlier ruling, i.e., that Lett's statements were relevant and were not hearsay or subject to exclusion under MRE 403 or MRE 404(b)(1). Thus, in context, it is apparent that the court was not relying on the rule of completeness in MRE 106 as the basis for admitting the evidence. Moreover, Lett has offered no argument addressing the trial court's earlier stated reasons for overruling his objection. By failing to address the bases for the trial court's decision admitting the recordings, the issue as stated has been abandoned. See *People v Knapp*, 244 Mich App 361, 374-375 n 4; 624 NW2d 227 (2001) (an issue is deemed abandoned when a party fails to brief the merits of his allegation

of error); *Hanlin v Saugatuck Twp*, 299 Mich App 233, 249; 829 NW2d 335 (2013) ("[w]hen an appellant fails to dispute the basis of the trial court's ruling, the Court need not consider granting the appellant the relief it seeks").  Accordingly, Lett is not entitled to relief on this point.

Affirmed.

/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly