# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DESHAWN MARQUIS SWOPE

      Defendant-Appellant.

UNPUBLISHED
January 23, 2018

No. 334887
Macomb Circuit Court
LC No. 2015-003746-FC

---

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, and first-degree home invasion, MCL 750.110a(2). The trial court sentenced defendant to concurrent terms of 108 to 300 months' imprisonment for the armed robbery conviction and 108 to 240 months' imprisonment for first-degree home invasion conviction. We affirm.

In the late evening hours of August 12, 2015, Andre Batanian was at his home with his friend Marcel Donaldson in Mt. Clemens when there was a knock at the back door. Upon answering the door, several people forced their way in where they threatened Andre with a gun and robbed him. Andre and Marcel identified several of the assailants, including defendant and his co-defendant Marcus Porchia. Porchia was arrested that night and defendant was arrested a few days later. During trial, the prosecutor indicated that neither Andre nor Marcel had appeared to testify despite being mailed subpoenas and efforts to otherwise contact them. The prosecutor thus moved to have them declared unavailable under MRE 804 and to use Andre and Marcel's preliminary examination testimony. Following a due diligence hearing (held in the midst of trial), and after objection by defense counsel, the trial court granted the prosecutor's motion and allowed Detective Darrell Babbitt to read Andre and Marcel's preliminary examination testimony to the jury. At the conclusion of trial, defendant was convicted of one count of armed robbery and one count of first degree home invasion, as indicated above. This appeal followed.

On appeal, defendant first argues that the trial court abused its discretion in finding that the prosecution exercised due diligence in its efforts to obtain the presence of Andre and Marcel at trial and that defendant's constitutional right to confront witnesses against him was violated by the admission of Andre and Marcel's preliminary examination testimony at trial. Further, defendant argues that Andre and Marcel's out-of-court identifications of him were improperly admitted through police officer testimony. We disagree.

-1-

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Further, objections made by a party must specify the same ground for challenge that the party asserts on appeal. See *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004); *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011). Here, defendant objected to the admission of Andre and Marcel's preliminary examination testimony and out-of-court identifications on hearsay grounds. Thus, those issues have been properly preserved. However, defendant never argued at trial that the admission of Andre and Marcel's preliminary examination testimony violated his constitutional right to confront the witnesses against him, and therefore, to the extent defendant raises a constitutional argument, the issue has not been properly preserved. See *Kimble*, 470 Mich at 309.

The trial court's factual findings regarding witness unavailability are reviewed for clear error, *People v Garland*, 286 Mich App 1, 7; 777 NW2d 732 (2009), while its determination that the prosecution exercised due diligence is reviewed for an abuse of discretion, *People v Bean*, 457 Mich 677, 684-685; 580 NW2d 390 (1998). This Court generally reviews de novo questions of constitutional law, including whether a criminal defendant was denied his right to confront the witnesses against him. *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006). However, unpreserved constitutional issues are reviewed for plain error affecting the defendant's substantial rights. *People v Fackelman*, 489 Mich 515, 537; 802 NW2d 552 (2011). "A trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but if the inquiry requires examination of the meaning of the Michigan Rules of Evidence, a question of law is presented, which we review de novo." *People v Ackerman*, 257 Mich App 434, 442; 669 NW2d 818 (2003).

The Sixth Amendment's confrontation clause gives a defendant the right to confront the witnesses against him. *Bean*, 457 Mich at 682. However, MRE 804(b)(1) states that, if a witness is unavailable at trial, his or her testimony from a prior hearing may be admitted as evidence "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." For purposes of MRE 804(b)(1), a declarant is "unavailable" when he "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown." MRE 804(a)(5). Due diligence is shown if the party seeking to admit the declarant's prior testimony demonstrates that he made "a reasonable, good-faith effort" to secure the witness's presence at trial. *People v Briseno*, 211 Mich App 11, 14; 535 NW2d 559 (1995). Whether the prosecution made a good-faith, reasonable effort to locate a witness for trial depends on the facts and circumstances of each case. *People v Dye*, 431 Mich 58, 67; 427 NW2d 501 (1988). However, to meet the due diligence standard, the prosecutor is not required to take every possible step to secure the witness. Rather, the prosecutor is only required to take reasonable steps to do so. *People v Conner*, 182 Mich App 674, 681; 452 NW2d 877 (1990).

The record indicates that the prosecution expected Andre and Marcel to testify at trial as they both attended and testified at the preliminary examination (indicating their willingness to participate in the proceedings). Further, when the police lost contact with Andre and Marcel, several subpoenas were sent to each man (although returned as undeliverable), numerous phone calls were made to each man, and the police went in person to the home of each man. The police

also left several in-person messages for people who lived with Andre and Marcel at the addresses the police had for the men. Although the police did not use surveillance or the fugitive apprehension team to locate Andre and Marcel, there was no testimony indicating that the police failed to investigate another location where the men were said to be. Thus, although additional methods could have been employed to find Andre and Marcel and secure their appearance at trial, the trial court did not abuse its discretion in finding that the prosecution exercised due diligence.

Given that both Andre and Marcel's preliminary examination testimony was properly admitted under MRE 804(1)(b), defendant's constitutional right to confront the witnesses against him was not violated. See *Garland*, 286 Mich App at 7 ("Former testimony is admissible at trial under both MRE 804(b)(1) and the confrontation clause as long as the witness is unavailable for trial and was subject to cross-examination during the prior testimony.").

Similarly, the trial court did not err in admitting the challenged identification testimony. The trial court, relying on MRE 801(d)(1)(C), admitted Detective Babbitt's testimony concerning Andre and Marcel's identification of defendant. Under that rule, a statement is not hearsay if it is one of identification of a person made after perceiving the person and the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement. Given that Andre and Marcel identified defendant as one of the assailants in their preliminary examination testimony, and Andre also testified regarding his subsequent identification of defendant in a "six-pack" photographic line-up (Marcel also testified to having seen photos of defendant), the testimony fell within the definition of a nonhearsay statement under MRE 801(d)(1)(C).

Defendant next argues that he was erroneously assessed 25 points for Offense Variable (OV) 13. We disagree.

The trial court's factual determinations with respect to the assessment of OV points are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 13 considers a "continuing pattern of criminal behavior," MCL 777.43(1), and should be scored at 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person," MCL 777.43(1)(c). "[A]ll crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

Defendant does not dispute his criminal record, which includes one prior first-degree home invasion conviction and the two instant convictions for first-degree home invasion and

armed robbery.[1]  Rather, defendant argues that because his convictions in the instant case arose out of a single incident, they cannot form the basis for scoring 25 points under OV 13.  However, this Court has previously held that "multiple concurrent offenses arising from the same incident are properly used in scoring OV 13."  *People v Gibbs*, 299 Mich App 473, 488; 830 NW2d 821 (2013).  Accordingly, the trial court properly scored 25 points for OV 13.

Finally, defendant makes several arguments regarding the constitutionality of the 20% late fee he was charged for failing to pay his costs within 56 days of his sentencing.  However, in *People v Shenosky*, 320 Mich App 80; 903 NW2d 212 (2017), a panel of this Court recently addressed and rejected the same arguments regarding MCL 600.4803(1) that defendant now raises on appeal.  *Shenosky* is binding precedent upon this Court and thus, we reject defendant's arguments.

Affirmed.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

---

[1] Both armed robbery and first-degree home invasion are classified as "crime[s] against a person."  MCL 777.16y; MCL 777.16f.